[Cite as *State v. Crawford*, 2021-Ohio-547.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 7-20-05

v.

JOHN CRAWFORD,

    O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Henry County Common Pleas Court**
**Trial Court No. 19 CR 0161**

**Judgment Affirmed in Part, Reversed in Part and**
**Cause Remanded**

**Date of Decision:  March 1, 2021**

---

APPEARANCES:

    *Nathan VanDenBerghe* **for Appellant**

    *Gwen Howe-Gebers* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant John Crawford ("Crawford") appeals the judgment of the Henry County Court of Common Pleas, alleging (1) that the Reagan Tokes Law violates the separation of powers; (2) that he was denied his right to the effective assistance of counsel; and (3) that the trial court erred in imposing restitution. For the reasons set forth below, the judgment of the trial court is affirmed in part and reversed in part.

*Facts and Procedural History*

{¶2} On November 19, 2019, Crawford was indicted on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree; one count of trafficking in a fentanyl related compound in violation of R.C. 2925.03(A)(1), a felony of the fourth degree; two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), felonies of the second degree; one count of trafficking in a fentanyl related compound in violation of R.C. 2925.03(A)(1), a felony of the second degree; and two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), felonies of the first degree. Doc. 1.

{¶3} On June 16, 2020, Crawford pled guilty to one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree; one count of trafficking in a fentanyl related compound in violation of R.C. 2925.03(A)(1), a felony of the fourth degree; one count of trafficking in a fentanyl

related compound in violation of R.C. 2925.03(A)(1), a felony of the second degree; and one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), a felony of the first degree. Doc. 30. The trial court accepted Crawford's guilty plea and dismissed the remaining counts against him. Doc. 35.

{¶4} On July 27, 2020, Crawford appeared before the trial court for sentencing. Doc. 35. Pursuant to the Reagan Tokes Law, he received an indefinite sentence with a minimum term of nine years and a maximum term of thirteen-and-one-half years. Doc. 35. The trial court also ordered Crawford to pay $10,600.00 in restitution to the Multi-Area Narcotics Unit ("the MAN Unit") because the MAN Unit paid a total of $10,600.00 to a confidential informant for use in three controlled buys with Crawford.[1] Doc. 35. PSI. This order of restitution was imposed jointly and severally with one of Crawford's associates. Doc. 35. Defense counsel objected to this order of restitution at the sentencing hearing. Sentencing Tr. 12.

{¶5} The appellant filed his notice of appeal on August 18, 2020. Doc. 39. On appeal, Crawford raises the following assignments of error:

**First Assignment of Error**

**The Reagan Tokes Act is an unconstitutional violation of separation of powers and due process.**

---

[1] In this case, there were a total of four controlled buys. PSI. The MAN Unit gave $10,600.00 to a confidential informants to use in the first three of these controlled buys. PSI. The MAN Unit issued $13,680.00 to a confidential informant for use in the fourth controlled buy. PSI. However, Crawford was apprehended immediately after the fourth controlled buy. PSI.

**Second Assignment of Error**

**Appellant did not receive effective assistance of counsel at trial when trial counsel failed to object to the constitutional validity of Reagan Tokes.**

**Third Assignment of Error**

**The trial court erred when it ordered Appellant to pay restitution to a non-victim government entity.**

*First Assignment of Error*

{¶6} Crawford argues that the Reagan Tokes Law is unconstitutional. However, he admits in his brief that he did not raise these objections before the trial court and that the applicable standard of review is, therefore, plain error.

Legal Standard

{¶7} Under Crim.R. 52(A), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

> **"In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an 'obvious' defect in the trial proceedings, and the error must have affected 'substantial rights.'" *State v. Bowsher*, 3d Dist. Union No. 14-07-32, 2009-Ohio-6524, ¶ 12, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). 'The standard for plain error is whether, but for the error, the outcome of the proceeding clearly would have been otherwise.' *State v. Hornbeck*, 155 Ohio App.3d 571, 2003-Ohio-6897, 802 N.E.2d 184, ¶ 16 (2d Dist.), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error is taken "only to 'prevent a manifest miscarriage of justice.'" *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 23, quoting *Long, supra*, at paragraph three of the syllabus.**

*State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 17. Under Crim.R. 52(B), "the *defendant* bears the burden of demonstrating that a plain error affected his substantial rights." (Emphasis sic.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14.

{¶8} Further, "[i]n order to be justiciable, a controversy must be ripe for review." *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 4, quoting *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 26.

> **Ripeness 'is peculiarly a question of timing.' *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691 [(*reversed on other grounds in Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977)]. * * *.**
>
> **"The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.**

*State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89, 694 N.E.2d 459, 460 (1998). "A claim is not ripe for our consideration if it rests on contingent future events that may not occur as anticipated or may never occur at all." *Loving* at ¶ 4, citing *Texas v. U.S.*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998).

Legal Analysis

{¶9} On appeal, Crawford advances three main arguments to establish that the Reagan Tokes Law is unconstitutional. First, he argues that this provision runs afoul of the doctrine of the separation of powers. Second, he argues that this provision does not adequately protect the procedural due process rights of offenders. Third, he asserts that this provision violates his right to a trial by jury.[2] We will examine each of these arguments in turn.

{¶10} In his first argument, Crawford asks us to reverse our precedent in *State v. Hacker* where we considered the same separation of powers arguments that are raised in this appeal. *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22. In *Hacker*, the appellant raised a facial challenge to the Reagan Tokes Law. *Id*. Following the Second and Twelfth Districts, we determined that this provision did not run afoul of the doctrine of separation of powers. *Id*. *See State v.*

---

[2] Crawford's argument about his right to a trial by jury is one of the arguments that he advances to establish that the Reagan Tokes Law does not adequately protect his procedural due process rights. However, we have not considered the right to a trial by jury in the context of the Reagan Tokes Law previously. *See Hacker, supra*, at ¶ 17. For this reason, we will consider it separately from the other due process arguments.

*Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, ¶ 32; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17.[3] At this juncture, we decline to revisit our precedent. *See State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 7. As a consequence, we conclude that Crawford's first argument is without merit.

{¶11} In his second argument, Crawford asserts that "[t]he constitutional deficiencies in Reagan Tokes challenge some of the most basic protections afforded by the Sixth and Fourteenth Amendments." Appellant's Brief, 9. However, in *Hacker*, we rejected a facial challenge to the Reagan Tokes Law in which the appellant argued that this provision unconstitutionally failed to provide adequate procedural due process safeguards in its text. *Hacker* at ¶ 23. Thus, insofar as this appeal presents a facial challenge to the Reagan Tokes Law on the grounds that its text does not set forth sufficient procedural due process protections, we rely on our prior holding in *Hacker* and find these arguments to be without merit. *Id*. *See State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio 6888, ¶ 12.

{¶12} Crawford also asserts that he "cannot be deprived of his expectation of liberty at his expected release date by the [Ohio Department of Rehabilitation and

---

[3] We are aware that the Fourth, Fifth, and Sixth Districts found that separation of powers and due process arguments that are similar to those raised by Crawford in this appeal were not yet ripe for review. *See State v. Ramey,* 4th Dist. Washington Nos. 20CA1, 20CA2, 2020-Ohio-6733, ¶ 22; *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, ¶ 5, 12-13; *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855, ¶ 30. We also note that, on December 28, 2020, the Supreme Court of Ohio accepted a case to determine whether the constitutionality of the Reagan Tokes Law is ripe for review. *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

Correction ("ODRC")] without receiving due process." Appellant's Brief, 9. In *State v. Kepling*, the appellant argued that offenders might not receive adequate notice and an opportunity to be heard. *Kepling* at ¶ 13. These arguments went "beyond the actual content of the Reagan Tokes Law * * *" and "assert[ed] that [an offender's] due process rights might not be properly protected at some future date or that proper administrative guidelines may not be in place at that time." *Id.* Since these arguments "rest[ed] on contingent future events that may not occur as anticipated or may never occur at all," we found that these arguments were not yet ripe for review. *Id.* at ¶ 15, quoting *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 4.

{¶13} Turning to the case presently before this Court, Crawford raises arguments about whether his "fair notice of accusations[] and assistance of counsel" will be adequate in the event that the ODRC acts to keep him beyond his presumptive release date. Appellant's Brief, 7. But at this time, we do not know if Crawford will ever face such action from the ODRC. *See Kepling* at ¶ 14. We also do not know what administrative guidelines will be in place to protect the procedural due process rights of offenders in the future if ODRC ever acts to hold Crawford beyond his presumptive release date. *Id.* Following the reasoning of *Kepling*, we conclude that this class of procedural due process arguments is not yet ripe for review. *Id.* Thus, we decline to review these arguments at this time.

{¶14} In his third argument, Crawford asserts that the Reagan Tokes Law violates his right to a trial by jury as he could be kept beyond his presumptive release date for violations that were not tried before a jury. In his earlier separation of powers arguments, Crawford raised a facial challenge to the Reagan Tokes Law on the grounds that it unconstitutionally authorized indefinite sentencing. Further, Crawford raised this challenge *after* he had received an indefinite sentence under this provision. In contrast, his arguments about his right to a trial by jury revolve around whether he could, at some date in the future, be kept past his presumptive release date for various violations that he may or may not commit.

{¶15} At this point, we cannot know if Crawford will commit violations that might prompt an ODRC hearing to decide whether to hold him past his presumptive release date. This argument does not address a penalty that Crawford has already received but is based on contingent events that may or may not arise in the future. Thus, this issue is not yet ripe for our consideration. As such, we decline to review this issue at this time. In conclusion, Crawford has not, in any of these three arguments, carried the burden of demonstrating defects in the proceedings before the trial court. Thus, he has not established plain error. For this reason, his first assignment of error is overruled.

*Second Assignment of Error*

{¶16} Crawford argues that his trial counsel was ineffective for failing to challenge the constitutionality of the Reagan Tokes Law before the trial court.

Legal Standard

**{¶17}** "Under Ohio law, 'a properly licensed attorney is presumed to carry out his duties in a competent manner.'" *State v. Harvey*, 3d Dist. Marion No. 9-19-34, 2020-Ohio-329, ¶ 57, quoting *State v. Gee*, 3d Dist. Putnam No. 12-92-9, 1993 WL 270995 (July 22, 1993). For this reason, the appellant has the burden of proving that he or she was denied the right to the effective assistance of counsel. *State v. Brown*, 3d Dist. Hancock No. 5-17-19, 2018-Ohio-899, ¶ 42.

**{¶18}** "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 24, quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If the appellant does not establish one of these two prongs, the appellate court does not need to consider the facts of the case under the other prong of the test. *State v. Baker*, 3d Dist. Allen No. 1-17-61, 2018-Ohio-3431, ¶ 19, citing *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20 (3d Dist.).

**{¶19}** In order to establish deficient performance, the appellant must demonstrate that trial "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Howton,* 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 35, quoting *Strickland* at 687. Generally, "[a] claim of ineffective assistance of counsel is

-10-

waived by a guilty plea * * *." *State v. Pettaway*, 3d Dist. Seneca No. 13-14-20, 2015-Ohio-226, ¶ 12. Trial "counsel need not raise meritless issues or even all arguably meritorious issues for that matter." *State v. Jones*, 91 Ohio St.3d 335, 354, 744 N.E.2d 1163, 1183 (2001).

{¶20} In order to establish prejudice, "the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Davis, supra*, at ¶ 36, quoting *State v. Bibbs*, 2016-Ohio-8396, 78 N.E.3d 343, ¶ 13 (3d Dist.). Thus, "[t]o establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. *State v. Brown*, 3d Dist. Union No. 14-08-11, 2008-Ohio-4649, ¶ 28. For this reason, "the failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel and is not prejudicial." *State v. Witherspoon*, 8th Dist. No. 94475, 2011-Ohio-704, ¶ 33.

Legal Analysis

{¶21} Crawford argues that his trial counsel was ineffective for failing to raise the issues that were argued under the first assignment of error. Having examined these arguments on appeal, we concluded that Crawford did not identify any defects in the proceedings before the trial court. Crawford cannot demonstrate how the outcome of the proceedings below would have been different "if his defense counsel had raised * * * challenge[s] before the trial court that ha[ve] since failed

on appeal." *State v. Lewis*, 3d Dist. Van Wert No. 15-20-04, 2020-Ohio-6894, ¶ 86.

For this reason, he cannot carry the burden of demonstrating prejudice. Since

Crawford has not successfully established an ineffective assistance of counsel claim,

his second assignment of error is overruled.

*Third Assignment of Error*

**{¶22}** Crawford argues that the trial court erred by ordering him to pay

restitution to a governmental entity that does not qualify as a victim.

Legal Standard

**{¶23}** R.C. 2929.18(A)(1) authorizes a trial court to order an offender to pay

restitution as a financial sanction. R.C. 2929.18(A)(1). Under this provision, a trial

court may impose

> **[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court imposes restitution for the cost of accounting or auditing done to determine the extent of economic loss, the court may order restitution for any amount of the victim's costs of accounting or auditing provided that the amount of restitution is reasonable and does not exceed the value of property or services stolen or damaged as a result of the offense. * * *.**

R.C. 2929.18(A)(1). "Accordingly, 'the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted.'" *State v. Toler*, 174 Ohio App.3d 335, 2007-Ohio-6967, 882 N.E.2d 28, ¶ 11 (3d Dist.), quoting *State v. Williams*, 34 Ohio App.3d 33, 34, 516 N.E.2d 1270 (2d Dist. 1986).

{¶24} Further, based on the "plain language" of R.C. 2929.18(A)(1), this Court has previously determined

> **that the Ohio General Assembly intended that restitution only be available to the actual crime victims.** *State v. Samuels*, **4th Dist. No. 03CA8, 2003-Ohio-6106, at ¶ 5. "A 'victim' is generally defined as the person who was 'the object' of the crime—e.g. the victim of the robbery is the person who was robbed."** *Id*., **citing Black's Law Dictionary (5th Ed.1979) 1405.**

*State v. Christy*, 3d Dist. Wyandot No. 16-04-04, 2004-Ohio-6963, ¶ 16. "But the general rule in Ohio has been that governmental agencies are not victims of crimes to which they respond in their official capacities." *City of Centerville v. Knab*, 2020-Ohio-5219, --- N.E.3d ---, ¶ 20.

> **In certain circumstances, a government entity may be considered a victim of a crime under R.C. 2929.18(A)(1): For example, when government funds are embezzled or when government property is vandalized.** **[*Samuels, supra*, at ¶ 5]. However, a government entity voluntarily advancing its own funds to pursue a drug buy through an informant is not one of the scenarios contemplated by R.C. 2929.18(A)(1).**

*State v. Pietrangelo*, 11th Dist. Lake No. 2003-L-125, 2005-Ohio-1686, ¶ 15. Thus, "government entities do not constitute 'victims' entitled to restitution for their

expenditure of public funds in the pursuit of fighting crime." *State v. Wolf*, 176 Ohio App.3d 165, 2008-Ohio-1483, 891 N.E.2d 358, ¶ 40 (3d Dist.).

Legal Analysis

**{¶25}** The trial court ordered Crawford to pay $10,600.00 in restitution to a governmental entity: the MAN Unit. Doc. 35. However, in this case, the MAN Unit did not suffer economic losses as the victim of Crawford's criminal offenses. Rather, the MAN Unit voluntarily expended funds as the investigator of Crawford's criminal offenses.[4] *See Knab, supra*, at ¶ 20; *Wolf, supra*, at ¶ 40; *Pietrangelo, supra*, at ¶ 15. This Court has previously held that restitution is not available as a financial sanction to reimburse governmental entities that "voluntarily advanc[e] its own funds to pursue a drug buy through an informant * * *." *State v. Dietrich*, 3d Dist. Allen No. 1-10-76, 2011-Ohio-4347, ¶ 31.

**{¶26}** Other courts have reached the same conclusion. *See State v. Brewer*, 2017-Ohio-119, 80 N.E.3d 1257, ¶ 24 (2d Dist.); *State v. Coleman*, 4th Dist. Highland No. 16CA18, 2018-Ohio-1709, ¶ 22; *State v. Justice*, 5th Dist. Fairfield No. 09-CA-66, 2010-Ohio-4781, ¶ 30; *State v. Williams*, 6th Dist. Sandusky No. S-13-007, 2013-Ohio-4838, ¶ 11; *State v. Ferguson*, 10th Dist. Franklin No. 13AP-891, 2014-Ohio-3153, ¶ 29; *State v. Ballard*, 12th Dist. Butler No. CA2014-09-197,

---

[4] This Court has previously held that a trial court may order a defendant to pay for the costs a government entity incurs during the course of an investigation if the defendant "explicitly agreed to do so as part of a negotiated plea agreement." *See State v. Baker*, 3d Dist. Allen No. 1-11-49, 2012-Ohio-1890, ¶ 11. However, there is no evidence in the record that Crawford made such an agreement. Doc. 30.

2015-Ohio-2084, ¶ 16. We conclude that the trial court erred by ordering Crawford to pay restitution to the MAN Unit for the funds it expended in the controlled buys. Thus, Crawford's third assignment of error is sustained.

*Conclusion*

{¶27} Having found no error prejudicial to the appellant in the particulars assigned and argued in his first and second assignments of error, the judgment of the Henry County Court of Common Pleas is affirmed as to these issues. However, having found error prejudicial to the appellant in the particulars assigned and argued in his third assignment of error, the judgment of the Henry County Court of Common Pleas is reversed as to this issue. Therefore, this cause of action is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Affirmed in Part*
*Reversed in Part*
*And Cause Remanded*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**