[Cite as *State v. Thomason*, 2022-Ohio-3873.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 1-22-33

    v.

JOHNNY L. THOMASON,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2021 0313

**Judgment Affirmed**

**Date of Decision: October 31, 2022**

APPEARANCES:

    *F. Stephen Chamberlain* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant, Johnny L. Thomason ("Thomason"), appeals the April 29, 2022 judgment of the Allen County Court of Common Pleas challenging his indefinite sentence imposed under the Reagan Tokes Law.

*Facts and Procedural History*

{¶2} In October 2021, Thomason was charged in a ten-count indictment with various felony sex offenses. Pursuant to a negotiated plea agreement, Thomason pleaded guilty to Count 3, rape, a first-degree felony; Count 5, gross sexual imposition, a fourth-degree felony; Count 6, gross sexual imposition, a fourth-degree felony; Count 9, importuning, a fifth-degree felony; and Count 10, disseminating matter harmful to juveniles, a fifth-degree felony. The remaining counts were dismissed. The trial court sentenced Thomason to a term of ten years (mandatory minimum) to fifteen years (maximum) on Count 3; fifteen months on both Count 5 and Count 6; twelve months on both Count 9 and Count 10, with all counts to be served consecutively, for a total indefinite sentence of fourteen years and six months to a maximum nineteen years and six months in prison. The trial court also imposed five years of mandatory post-release control and classified Thomason as a Tier III sex offender.

{¶3} At sentencing, the trial court overruled a defense motion objecting to the imposition of an indefinite prison sentence under the Reagan Tokes Law on the grounds of unconstitutionality. Thomason now appeals from the trial court's judgment, raising the following assignments of error for our review.

**ASSIGNMENT OF ERROR NO. 1**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the separation-of-powers doctrine.**

**ASSIGNMENT OF ERROR NO. 2**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates right to due process.**

**ASSIGNMENT OF ERROR NO. 3**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the constitutional right to a jury trial.**

{¶4} In the three assignments of error, which we will address together, Thomason contends that the indefinite sentence of incarceration imposed on Count 3 pursuant to the Reagan Tokes Law is unconstitutional as it violates the separation-of-powers doctrine and violates his constitutional rights to due process and to a trial by jury.

{¶5} As this Court has noted in *State v. Ball,* 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, challenges to the Reagan Tokes Law do not present a matter of first impression in this Court. *Ball* at ¶ 59. "Since the indefinite sentencing

provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes Law do not facially violate the separation-of-powers doctrine or infringe on defendants' due process rights." *Id.* citing *e.g.*, *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21. Further, for the reasons stated in *Ball*, the remaining constitutional issue under Reagan Tokes related to a jury trial is also unavailing. *Id.* at ¶ 61-63.

**{¶6}** Thus, on the basis of *Ball* and our prior precedent, this Court finds no merit to Thomason's contentions. The three assignments of error are overruled.

**{¶7}** The judgment of the Allen County Common Pleas Court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/jlr**