[Cite as *State v. Day*, 2022-Ohio-4064.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 1-22-32

v.

DAREN K. DAY,                          O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2021 0416

**Judgment Affirmed**

**Date of Decision: November 14, 2022**

APPEARANCES:

    *F. Stephen Chamberlain* for Appellant

    *Jana E. Emerick* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Daren K. Day, appeals the April 21, 2022 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} On January 13, 2022, the Allen County Grand Jury indicted Day on three counts: Counts One and Two of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), (B)(5), fourth-degree felonies; and Count Three of robbery in violation of R.C. 2911.02(A)(2), (B), a second-degree felony. Count Three also included a repeat violent offender ("RVO") specification pursuant to R.C. 2941.149(A). On January 19, 2022, Day entered a written plea of not guilty.

{¶3} Pursuant to a negotiated plea agreement, on March 3, 2022, Day entered guilty pleas to all counts in the indictment. In exchange, the State agreed to recommend dismissal of the RVO specification associated with Count Three. The trial court accepted Day's guilty plea and found him guilty of Counts One, Two, and Three. The following day, the trial court filed its judgment entry of conviction.

{¶4} At a sentencing hearing held on April 21, 2022, the trial court determined Counts Two and Three merged for sentencing. The State elected for Day to be sentenced on Count Three. The defense objected to the imposition of an indefinite prison sentence for Count Three under the Reagan Tokes Law on the

grounds of unconstitutionality. The trial court overruled the motion and sentenced Day to 12 months in prison on Count One and an indefinite term of 3 years to 4 ½ years in prison on Count Three to be served concurrently with the prison term imposed on Count One. The trial court filed its judgment entry of sentence the same day.

{¶5} On May 19, 2022, Day filed his notice of appeal. He raises three assignments of error for our review.

### Assignment of Error No. I

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the separation-of-powers doctrine.**

### Assignment of Error No. II

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates right to due process.**

### Assignment of Error No. III

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the constitutional right to a jury trial.**

{¶6} In the three assignments of error, which we will address together, Day contends that the indefinite sentence of incarceration imposed on Count Three pursuant to the Reagan Tokes Law is unconstitutional as it violates the separation-of-powers doctrine and violates his constitutional rights to due process and to a trial by jury.

**{¶7}** As this Court has noted in *State v. Ball*, 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, challenges to the Reagan Tokes Law do not present a matter of first impression to this Court. *Ball* at ¶ 59. "Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes Law do not facially violate the separation-of-powers doctrine or infringe on defendants' due process rights." *Id.* citing *e.g. State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21. Further, for the reasons stated in *Ball*, the remaining constitutional issue under Reagan Tokes related to a jury trial is also unavailing. *Id.* at ¶ 61-63.

**{¶8}** Thus, on the basis of *Ball* and our prior precedent, this Court finds no merit to Day's contentions. The three assignments of error are overruled.

**{¶9}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/jlr**