[Cite as *State v. Brown*, 2022-Ohio-4065.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  1-22-36

    v.

JONATHAN J. BROWN,              **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No.  CR2021 0237

**Judgment Affirmed**

Date of Decision:  November 14, 2022

**APPEARANCES:**

    *F. Stephen Chamberlain* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Jonathan J. Brown, appeals the May 9, 2022 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} On August 12, 2021, the Allen County Grand Jury indicted Brown on a single count of aggravated arson in violation of R.C. 2909.02(A)(1), (B)(2), a first-degree felony. On August 18, 2021, Brown entered a written plea of not guilty.

{¶3} On April 1, 2022, pursuant to a negotiated agreement, the trial court amended the charge in the indictment to attempted aggravated arson in violation of R.C. 2923.02 and R.C. 2909.02(A)(1), a second-degree felony. Brown entered a guilty plea to the amended charge. The trial court accepted Brown's guilty plea and found him guilty of Count One, as amended. The trial court filed its judgment entry of conviction that same day.

{¶4} At a sentencing hearing held on May 9, 2022, the trial court overruled a defense motion objecting to the imposition of an indefinite prison sentence under the Reagan Tokes Law on the grounds of unconstitutionality. The trial court then sentenced Brown to an indefinite term of two to three years in prison. The trial court filed its judgment entry of sentence that same day.

{¶5} On May 31, 2022, Brown filed his notice of appeal. He raises three assignments of error for our review.

**Assignment of Error No. I**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the separation-of-powers doctrine.**

**Assignment of Error No. II**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates right to due process.**

**Assignment of Error No. III**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the constitutional right to a jury trial.**

{¶6} In the three assignments of error, which we will address together, Brown contends that the indefinite sentence of incarceration imposed pursuant to the Reagan Tokes Law is unconstitutional as it violates the separation-of-powers doctrine and violates his constitutional rights to due process and to a trial by jury.

{¶7} As this Court has noted in *State v. Ball*, 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, challenges to the Reagan Tokes Law do not present a matter of first impression to this Court. *Ball* at ¶ 59. "Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes

Case No. 1-22-36

Law do not facially violate the separation-of-powers doctrine or infringe on defendants' due process rights." *Id.* citing *e.g. State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21. Further, for the reasons stated in *Ball*, the remaining constitutional issue under Reagan Tokes related to a jury trial is also unavailing. *Id.* at ¶ 61-63.

{¶8} Thus, on the basis of *Ball* and our prior precedent, this Court finds no merit to Brown's contentions. The three assignments of error are overruled.

{¶9} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/jlr**