[Cite as *State v. Etgen*, 2023-Ohio-564.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO.  9-21-41

      v.

DON ETGEN,                           O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 20-CR-116

Judgment Affirmed

Date of Decision:  February 27, 2023

APPEARANCES:

    *W. Joseph Edwards* for Appellant

    *Raymond A. Grogan, Jr.* for Appellee

Case No. 9-21-41

**MILLER, P.J.**

{¶1} Defendant-appellant, Don Etgen, appeals the October 29, 2021 judgment of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts & Procedural History*

{¶2} On May 6, 2020, the Marion County Grand Jury issued a 28-count indictment charging Etgen with various sexually-oriented offenses. On September 13, 2021, Etgen pleaded guilty to one count of attempted rape, two counts of pandering obscenity involving a minor or impaired person, and one count of gross sexual imposition. The trial court dismissed the remaining counts of the indictment.

{¶3} On October 29, 2021, the trial court sentenced Etgen as follows: 7-10.5 years in prison for attempted rape, 7-10.5 years in prison for each count of pandering obscenity involving a minor or impaired person, and 12 months in prison for gross sexual imposition. The trial court ordered that Etgen's prison terms be served consecutively, resulting in an aggregate sentence of 22-25.5 years' imprisonment. The trial court filed its judgment entry of sentence on October 29, 2021.

{¶4} On November 29, 2021, Etgen filed a notice of appeal. He raises the following two assignments of error for our review:

**Assignment of Error No. I**

**The Revised Code's indefinite sentence for the first- and second-degree qualifying felonies violates the Doctrine of Separation of**

**Powers inherent in the Constitutions of the United States and the State of Ohio.**

**Assignment of Error No. II**

**The Revised Code's indefinite sentence for the first- and second-degree qualifying felonies violates the Due Course of Law Clause of the Ohio Constitution and the Due Process Clause of the United States Constitution.**

{¶5} In his two assignments of error, which we will address together, Etgen contends that his indefinite sentences for attempted rape and pandering obscenity involving a minor or impaired person are contrary to law because the indefinite-sentencing provisions of the Reagan Tokes Law are unconstitutional. Specifically, Etgen claims that these provisions violate the separation-of-powers doctrine and infringe on his right to due process.

{¶6} As this Court has noted in *State v. Ball*, 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, challenges to the Reagan Tokes Law do not present a matter of first impression to this Court. *Ball* at ¶ 59. "Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes Law do not facially violate the separation-of-powers doctrine or infringe on defendants' due process rights." *Id.*, citing *e.g.*, *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01,

2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21. Thus, on the basis of *Ball* and our prior precedent, we find no merit to Etgen's arguments. Etgen's assignments of error are overruled.

**{¶7}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Marion County Court of Common Pleas.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**