[Cite as *State v. Sullivan*, 2023-Ohio-1612.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                         CASE NO. 1-22-37

    v.

MARCUS J. SULLIVAN,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No.  CR2022 0028

**Judgment Affirmed**

**Date of Decision:   May 15, 2023**

APPEARANCES:

    *Chima R. Ekeh* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**MILLER, P.J.**

{¶1} Defendant-appellant, Marcus J. Sullivan ("Sullivan"), appeals the May 11, 2022 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts & Procedural History*

{¶2} On March 17, 2022, the Allen County Grand Jury indicted Sullivan on a single count of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony. The indictment also included a repeat-violent-offender specification pursuant to R.C. 2941.149(A). On March 24, 2022, Sullivan entered a written plea of not guilty.

{¶3} Following a trial held on May 9-10, 2022, the jury found Sullivan guilty of felonious assault as charged in the indictment. The trial court accepted the jury's verdict and found Sullivan guilty. After reviewing evidence presented on the matter, the trial court determined that Sullivan was a repeat violent offender pursuant to R.C. 2941.149(A).

{¶4} The trial court proceeded immediately to sentencing and sentenced Sullivan to an indefinite term of 8 to 12 years in prison on Count One. As to the specification, the court imposed a mandatory term of 2 years in prison to be served prior to and consecutive to the prison term imposed in Count One for an aggregate term of 10 to 14 years in prison. The following day, the trial court filed its judgment entries of conviction and sentence.

{¶5} Sullivan filed his notice of appeal on June 3, 2022. He raises three assignments of error for our review.

**First Assignment of Error**

**Sullivan's indefinite sentence pursuant to R.C. 2967.271 (The Reagan Tokes Law) violates the right to a jury trial as protected by the Sixth Amendment of the United States Constitution and Article 1, Section 5 of the Ohio Constitution. (Tr. Pg. 336-337)**

**Second Assignment of Error**

**R.C. 2967.271 (The Reagan Tokes Law) unconstitutionally violates the separation of powers doctrine of the United States, and Ohio Constitution. (Tr. Pg. 336-337)**

**Third Assignment of Error**

**R.C. 2967.271 (The Reagan Tokes Law) violates the right to due process under the Fourteenth Amendment of the United States Constitution and Article 1, Section 16, of the Ohio Constitution. (Tr. Pg. 336-337)**

{¶6} In his assignments of error, Sullivan contends that his indefinite sentence for felonious assault is contrary to law because the indefinite-sentencing provisions of the Reagan Tokes Law are unconstitutional. Specifically, Sullivan claims these provisions interfere with his right to a jury trial, violate the separation-of-powers doctrine, and infringe upon his right to due process.

{¶7} As this Court has noted in *State v. Ball*, 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, challenges to the Reagan Tokes Law do not present a matter of first impression to this Court. *Ball* at ¶ 59. "Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have

repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded the indefinite sentencing provisions of the Reagan Tokes Law do not facially violate the separation-of-powers doctrine or infringe on defendants' due process rights." *Id.*, citing *e.g.*, *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21. Further, for the reasons stated in *Ball*, the remaining constitutional issue under Reagan Tokes related to a jury trial is also unavailing. *Id.* at ¶ 61-63. Thus, on the basis of *Ball* and our prior precedent, we find no merit to Sullivan's arguments. Sullivan's assignments of error are overruled.

{¶8} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN and EPLEY, J.J., concur.**

**/jlr**

**\*\* Judge Christopher B. Epley of the Second District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**