[Cite as *State v. Stauffer*, 2023-Ohio-1616.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

       PLAINTIFF-APPELLEE,                     CASE NO.  1-22-71

       v.

CRAIG A. STAUFFER,                     O P I N I O N

       DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2022 0195

Judgment Affirmed

Date of Decision:  May 15, 2023

APPEARANCES:

    *F. Stephen Chamberlain* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Craig A. Stauffer ("Stauffer"), appeals the November 7, 2022 judgment entry of sentencing of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On August 11, 2022, the Allen County Grand Jury indicted Stauffer on: Count One, of kidnapping in violation of R.C. 2905.01(A)(2), (C)(1), a first-degree felony; Count Two, of felonious assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), a second-degree felony; and Count Three, of domestic violence in violation of R.C. 2919.25(A), (D)(3), a fourth-degree felony. On August 22, 2022, Stauffer filed written pleas of not guilty.

{¶3} On September 26, 2022, Stauffer withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to an amended indictment. Specifically, in exchange for his guilty pleas, the State agreed to amend Count One to attempted kidnapping in violation of R.C. 2923.02 and R.C. 2905.01(A)(2), (C)(1), a second-degree felony and to dismiss Count Two if Stauffer pleaded guilty to the amended charge under Count One and Count Three. The trial court accepted Stauffer's guilty pleas and dismissed Count Two.

{¶4} On November 7, 2022, the trial court held a sentencing hearing. The trial court determined that Counts One and Three do not merge for purposes of sentencing. Thereafter, the trial court sentenced Stauffer to an indefinite sentence of a minimum of six years to a maximum of nine years in prison under Count One

and to a definite 18-month prison term under Count Three. Finally, the trial court ordered that Counts One and Three be served consecutively for an aggregate minimum term of seven and one-half years and a maximum term of 10 ½ years.

{¶5} Stauffer filed a timely appeal raising three assignment of error for our review, which we will review together.

### First Assignment of Error

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the separation-of-powers doctrine.**

### Second Assignment of Error

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates right to due process.**

### Third Assignment of Error

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the constitutional right to a jury trial.**

{¶6} In his assignments of error, Stauffer argues that the indefinite sentence of incarceration imposed on Count One pursuant to the Reagan Tokes Law is unconstitutional. Specifically, Stauffer asserts that these provisions violate the separation-of-powers doctrine, infringe on his right to due process, and violate his right to a jury trial.

{¶7} As this Court has noted in *State v. Ball*, 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, challenges to the Reagan Tokes Law do not present a matter of

first impression to this Court. *Ball* at ¶ 59. "Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes Law do not facially violate the separation-of-powers doctrine or infringe on defendants' due process rights." *Id.*, citing e.g., *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21. Further, for the reasons stated in *Ball*, the remaining constitutional issue under Reagan Tokes related to a jury trial is also unavailing. *Id.* at ¶ 61-63. Thus, on the basis of *Ball* and our prior precedent, we find no merit to Stauffer's arguments.

{¶8} Accordingly, Stauffer's first, second, and third assignments of error are overruled.

{¶9} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER, P.J. and EPLEY, J., concur.**

**/jlr**

**\*\* Judge Christopher B. Epley of the Second District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**