[Cite as *State v. Heater*, 2023-Ohio-1789.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO.  5-22-32

      v.

MADELEINE R. HEATER,             O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court

Trial Court No.  2022 CR 106

**Judgment Affirmed**

Date of Decision:  May 30, 2023

APPEARANCES:

      *William T. Cramer* **for Appellant**

      *Phillip A. Riegle* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Madeleine R. Heater ("Heater"), appeals the judgment of sentence entered in the Hancock County Court of Common Pleas on October 5, 2022. For the reasons that follow, we affirm.

*Procedural History*

{¶2} Procedurally, this case originated on March 1, 2022, when the Hancock County Grand Jury returned an indictment charging Heater with one count of Aggravated Possession of Drugs (Methamphetamine), a first-degree felony in violation of R.C. 2925.11(A).

{¶3} On March 4, 2022, an arraignment was held and Heater entered an initial plea of not guilty. Several months of pretrial proceedings then ensued.

{¶4} On August 5, 2022, a change of plea hearing was held. At that time, Heater entered a negotiated plea of guilty to an amended indictment, the possession charge in the original indictment having been amended upon the state's motion to a second-degree felony.

{¶5} On September 21, 2022, a sentencing hearing was held. At that time, Heater was sentenced to a minimum prison term of three years, with a potential maximum prison term of four and one-half years.

{¶6} On October 13, 2022, Heater filed the instant appeal, in which she raises a single assignment of error for our review.

**Assignment of Error**

**Indefinite prison terms imposed under the Reagan Tokes Law violate the jury trial guarantee, the doctrine of separation of powers, and due process principles under the federal and state constitutions.**

*Analysis*

**{¶7}** In the sole assignment of error, Heater contends that the trial court erred in imposing an indefinite prison term pursuant to the Reagan Tokes Act, with Heater arguing that the Reagan Tokes Act is unconstitutional.

**{¶8}** Heater did not challenge the constitutionality of the Reagan Tokes Law in the trial court, so we therefore apply the plain-error standard of review in this case. *State v. Ball*, 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, ¶ 57. "An error qualifies as 'plain error' only if it is obvious and but for the error, the outcome of the proceeding clearly would have been otherwise." *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 8, citing *State v. Yarbrough*, 95 Ohio St.3d 227, 245, 2002-Ohio-2126, ¶ 32.

**{¶9}** As this Court noted in *Ball*, *supra*, challenges to the Reagan Tokes Law do not present a matter of first impression in this Court. *Ball* at ¶ 59. "Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes Law do not facially violate the separation-of-powers doctrine

or infringe on defendants' due process rights." *Id.* citing *e.g.*, *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21. We have also rejected constitutional challenges related to the jury trial issue. *See Ball* at ¶ 61-63.

{¶10} Thus, on the basis of *Ball* and other prior precedent, this Court finds no merit to Heater's arguments in this case. The assignment of error is overruled.

{¶11} Having found no error prejudicial to the defendant-appellant in the particulars assigned and argued, the judgment of the Hancock County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/jlr**