[Cite as *State v. Beck*, 2023-Ohio-3008.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                         CASE NO. 1-22-80

    v.

MATTHEW R. BECK,                           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2021 0278

**Judgment Affirmed**

Date of Decision: August 28, 2023

APPEARANCES:

    *F. Stephen Chamberlain* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**MILLER, P.J.**

{¶1} Defendant-appellant, Matthew R. Beck ("Beck"), appeals the November 28, 2022 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} On September 16, 2021, the Allen County Grand Jury indicted Beck on two counts of second-degree-felony felonious assault in violation of R.C. 2903.11(A)(2), and R.C. 2903.11(A)(1), respectively. Beck entered pleas of not guilty and not guilty by reason of insanity ("NGRI"). Following evaluations relating to Beck's NGRI plea, he subsequently withdrew his NGRI plea and the matter proceeded to a change-of-plea hearing.

{¶3} On October 17, 2022, pursuant to a negotiated-plea agreement, Beck withdrew his not guilty plea and entered a guilty plea to Count One. The trial court accepted Beck's guilty plea and found him guilty of Count One. At the recommendation of the State, the trial court dismissed Count Two.

{¶4} At a sentencing hearing held on November 28, 2022, the trial court sentenced Beck to an indefinite term of a minimum of three years to a maximum of four and one-half years in prison on Count One. Later that day, the trial court filed its judgment entry of sentence.

{¶5} Beck filed a notice of appeal on December 27, 2022. He raises three assignments of error for our review which we address together.

**First Assignment of Error**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the separation-of-powers doctrine.**

**Second Assignment of Error**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the right to due process.**

**Third Assignment of Error**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the constitutional right to a jury trial.**

{¶6} In the three assignments of error, which we address together, Beck contends the indefinite sentence of incarceration imposed pursuant to the Reagan Tokes Law is unconstitutional as it violates the separation-of-powers doctrine and violates his constitutional rights to due process and to a trial by jury.

{¶7} As this Court has noted in *State v. Ball*, 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, challenges to the Reagan Tokes Law do not present a matter of first impression to this Court. *Ball* at ¶ 59. "Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes

Law do not facially violate the separation-of-powers doctrine or infringe on defendants' due process rights." *Id.* citing *e.g. State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21. Further, for the reasons stated in *Ball*, we also held that the remaining constitutional issue under Reagan Tokes related to a jury trial is unavailing. *Id.* at ¶ 61-63.

{¶8} Recently, in *State v. Hacker*, ___ Ohio St.3d ____, 2023-Ohio-2535, the Supreme Court of Ohio addressed the constitutional validity of the Reagan Tokes Law and held that it does not intrude upon the separation-of-powers doctrine, does not implicate the offender's right to a jury trial, and does not violate the offender's due-process rights. *Id.* at ¶ 25, 28, 40. Thus, pursuant to the Supreme Court of Ohio's decision in *Hacker*, we find Beck's assignments of error not well-taken.

{¶9} Beck's assignments of error are overruled.

{¶10} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN and POWELL, J.J., concur.**

**/jlr**

**\*\* Judge Stephen W. Powell of the Twelfth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**