[Cite as *State v. Lemaster*, 2023-Ohio-3427.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO.  14-23-10

      v.

TYLOR ANTHONY LEMASTER,

                                     O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No.  22-CR-0021

Judgment Affirmed

Date of Decision:   September 25, 2023

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Raymond Kelly Hamilton* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Tylor Anthony Lemaster ("Lemaster"), appeals the February 21, 2023 judgment entry of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On January 28, 2022, the Union County Grand Jury indicted Lemaster on Count One of pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(1), (C), a second-degree felony, and Count Two of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), (B), a second-degree felony. On June 14, 2022, Lemaster appeared and entered pleas of not guilty to the indictment.

{¶3} On January 20, 2023, Lemaster withdrew his pleas of not guilty and entered a guilty plea, under a negotiated-plea agreement, to Count One of the indictment. In exchange for Lemaster's change of plea, the State agreed to dismiss Count Two. The trial court accepted Lemaster's guilty plea, found him guilty, dismissed Count Two, and ordered a pre-sentence investigation.

{¶4} On February 21, 2023, the trial court sentenced Lemaster to a minimum term of six years to a maximum term of nine years in prison. (Doc. No. 37). The trial court also classified Lemaster as a Tier II sex offender.

{¶5} Lemaster filed his notice of appeal on March 22, 2022. He raises one assignment of error for our review.

**Assignment of Error**

**The Trial Court's Imposition Of An Indefinite Sentence Pursuant To The Statutory Scheme Known As "The Reagan Tokes Law" Is Unconstitutional And Must Be Reversed.**

{¶6} In his assignment of error, Lemaster argues that his sentence, imposed under Ohio's current sentencing scheme (commonly known as the "Reagan Tokes Law"), is unconstitutional. Specifically, Lemaster challenges the constitutionality of the Reagan Tokes Law for violating his right to a trial by jury, and for violating the separation-of-powers doctrine and due-process clause of the Ohio and United States Constitutions.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶8} In this case, Lemaster challenges the constitutionality of the Reagan Tokes Law—namely, Lemaster alleges that the Reagan Tokes Law violates his constitutional right to a trial by jury in addition to violating the separation-of-powers doctrine and due-process clause of the Ohio and United States Constitutions.

{¶9} Generally, "'"[a]n enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible."'" *State v. Mitchell*, 3d Dist. Allen No. 1-21-02, 2021-Ohio-2802, ¶ 12, quoting *State v. Brown*, 3d Dist. Marion No. 9-10-12, 2010-Ohio-4546, ¶ 9, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus. "'"That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution."'" *Id.*, quoting *Brown* at ¶ 9, quoting *Xenia v. Schmidt*, 101 Ohio St. 437 (1920), paragraph two of the syllabus.

{¶10} "'A statute may be challenged on constitutional grounds in two ways: (1) that the statute is unconstitutional on its face, or (2) that it is unconstitutional as applied to the facts of the case.'" *Id.* at ¶ 13, quoting *Brown* at ¶ 10, citing *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, ¶ 37. "'To mount a successful facial

challenge, the party challenging the statute must demonstrate that there is no set of facts or circumstances under which the statute can be upheld.'" *Id.*, quoting *Brown* at ¶ 10. "'Where it is claimed that a statute is unconstitutional as applied, the challenger must present clear and convincing evidence of a presently existing set of facts that make the statute unconstitutional and void when applied to those facts.'" *Id.*, quoting *Brown* at ¶ 10.

{¶11} Nevertheless, Lemaster concedes that he is raising his constitutional arguments for the first time on appeal. Importantly, "'"'[t]he question of constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution this means in the trial court.'"'" *Id.* at ¶ 14, quoting *State v. Bagley*, 3d Dist. Allen No. 1-13-31, 2014-Ohio-1787, ¶ 70, quoting *State v. Rowland*, 3d Dist. Hancock No. 5-01-28, 2002 WL 479163, *1 (Mar. 29, 2002), quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986). "This applies to challenges to the facial constitutionality of a statute and to the constitutionality of a statute's application.'" *Id.*, quoting *Bagley* at ¶ 70.

{¶12} "'The Supreme Court of Ohio has held that, "'[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.'"'" *Id.* at ¶ 15, quoting *State v. Heft*, 3d Dist. Logan No. 8-

09-08, 2009-Ohio-5908, ¶ 29, quoting *State v. Rice*, 3d Dist. Allen Nos. 1-02-15, 1-02-29, and 1-02-30, 2002-Ohio-3951, ¶ 7, quoting *Awan* at syllabus. "'However, the waiver doctrine * * * is discretionary; thus, "even where waiver is clear, a reviewing court may consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it."'" *Id.*, quoting *Heft* at ¶ 29, quoting *Rice* at ¶ 7. "Nevertheless, ""discretion will not ordinarily be exercised to review such claims, where the right sought to be vindicated was in existence prior to or at the time of trial."'" *Id.*, quoting *Heft* at ¶ 29, quoting *Rice* at ¶ 7, quoting *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 170-171 (1988), quoting *State v. Woodards*, 6 Ohio St.2d 14, 21 (1966).

**{¶13}** Because Lemaster did not object to the constitutionality of the Reagan Tokes Law while his case was pending before the trial court or challenge the trial court's application of the Reagan Tokes Law at his sentencing hearing, he waived his arguments on appeal. *Accord id.* at ¶ 16.

**{¶14}** Notwithstanding Lemaster's failure to raise his arguments in the trial court, we will address the merits of his arguments in the interest of justice. Imperatively, not only has this court rejected similar facial- and as-applied-constitutional challenges to the Reagan Tokes Law, but the Supreme Court of Ohio recently endorsed the constitutionality of the Reagan Tokes Law. *Accord State v. Rentschler*, 3d Dist. Marion No. 9-22-50, 2023-Ohio-3009, ¶ 98; *State v. Hacker*,

___ Ohio St.3d ___, 2023-Ohio-2535, ¶ 41.  We decline to diverge from such formidable precedent.  Accordingly, Lemaster's sentence is not contrary to law.

{¶15} Lemaster's assignment of error is overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER, P.J. and WALDICK, J., concur.**

**/jlr**