[Cite as *State v. Marshall*, 2023-Ohio-3751.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 1-22-70

    v.

CHARLES E. MARSHALL,           **O P I N I O N**

    DEFENDANT-APPELLANT.

---

Appeal from Allen County Common Pleas Court
Trial Court No. CR2022 0156

**Judgment Affirmed**

**Date of Decision: October 16, 2023**

---

APPEARANCES:

    *Chima R. Ekeh* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**MILLER, P.J.**

{¶1} Defendant-appellant, Charles E. Marshall ("Marshall"), appeals the November 3, 2022 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} On June 16, 2022, the Allen County Grand Jury indicted Marshall on two counts: Count One of aggravated robbery in violation of R.C. 2911.01(A), (C), a first-degree felony, and Count Two of felonious assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), a second-degree felony. Each of the counts contained a firearm specification pursuant to R.C. 2941.145(A). On June 27, 2022, Marshall filed a written plea of not guilty.

{¶3} A jury trial was held on September 20-23, 2022. At the conclusion of the trial, the jury found Marshall guilty of both counts and the attendant firearm specifications. The trial court accepted the jury's verdicts and found Marshall guilty.

{¶4} On October 14, 2022, Marshall filed an objection and opposition to the imposition of any indefinite sentence pursuant to the Reagan Tokes Law. At the sentencing hearing held on November 3, 2022, the trial court sentenced Marshall to an indefinite term of a minimum of four years to a maximum of six years in prison on each of Counts One and Two to run concurrently to one another. The trial court

also imposed a sentence of three years in prison for the firearm specifications associated with Counts One and Two, respectively. Further, the trial court ordered the sentences imposed for the specifications be served consecutively to each other and consecutively to the sentences imposed on Counts One and Two. Later that day, the trial court filed its judgment entry of sentence.

{¶5} Marshall filed a notice of appeal on November 14, 2022. He raises three assignments of error for our review.

### First Assignment of Error

**Marshall's indefinite sentence pursuant to R.C. 2967.271 (The Reagan Tokes Law) violates the right to a jury trial as protected by the Sixth Amendment of the United States Constitution, and Article 1, Section 5 of the Ohio Constitution. (Tr. Sentencing, pg. 16, tab 14-22)**

### Second Assignment of Error

**R.C. 2967.271 (The Reagan Tokes Law) unconstitutionally violates the separation of powers doctrine of the United States and Ohio Constitution. (Tr. Sentencing, pg. 16, tab 14-22)**

### Third Assignment of Error

**R.C. 2967.271 (The Reagan Tokes Law) violates the right to due process under the Fourteenth Amendment of the United States Constitution, and Article 1, Section 16, of the Ohio Constitution. (Tr. Sentencing, pg. 16, tab 14-22)**

{¶6} In the three assignments of error, which we address together, Marshall contends the indefinite sentence of incarceration imposed pursuant to the Reagan

Tokes Law violates his right to a trial by jury, runs afoul of the separation-of-powers doctrine, and violates his right to due process.

**{¶7}** As this Court has noted in *State v. Ball*, 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, challenges to the Reagan Tokes Law do not present a matter of first impression to this Court. *Ball* at ¶ 59. "Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes Law do not facially violate the separation-of-powers doctrine or infringe on defendants' due process rights." *Id.* citing *e.g. State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21. Further, for the reasons stated in *Ball*, we also held that the remaining constitutional issue under Reagan Tokes related to a jury trial is unavailing. *Id.* at ¶ 61-63.

**{¶8}** Recently, in *State v. Hacker*, ___ Ohio St.3d ____, 2023-Ohio-2535, the Supreme Court of Ohio addressed the constitutional validity of the Reagan Tokes Law and held that it does not intrude upon the separation-of-powers doctrine, does not implicate the offender's right to a jury trial, and does not violate the offender's due-process rights. *Id.* at ¶ 25, 28, 40. Furthermore, in *State v. Beck*, 3d Dist. Allen No. 1-22-80, 2023-Ohio-3008, this court addressed the same arguments

Marshall raises in the instant appeal and, pursuant to the Supreme Court of Ohio's decision in *Hacker*, found the arguments unavailing. *Beck* at ¶ 8. *See also State v. Lemaster*, 3d Dist. Union No. 14-23-10, 2023-Ohio-3427, ¶ 14.

{¶9} Thus, pursuant to the Supreme Court of Ohio's decision in *Hacker* and our decision in *Beck*, we find Marshall's assignments of error not well-taken.

{¶10} Marshall's assignments of error are overruled.

{¶11} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN and HESS, J.J., concur.**

**\*\* Judge Michael D. Hess of the Fourth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**

/hls