[Cite as *State v. Houke*, 2023-Ohio-3752.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ROLLAND HOUKE,

    DEFENDANT-APPELLANT.

CASE NO. 1-23-15

O P I N I ON

Appeal from Allen County Common Pleas Court
Trial Court No. CR2022 0325

**Judgment Affirmed**

**Date of Decision:  October 16, 2023**

**APPEARANCES:**

    *F. Stephen Chamberlain* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**MILLER, P.J.**

{¶1} Defendant-appellant, Rolland S. Houke ("Houke"), appeals the February 16, 2023 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} On December 15, 2022, the Allen County Grand Jury indicted Houke on two counts: Count One of aggravated burglary in violation of R.C. 2911.11(A)(1), (B), a first-degree felony, and Count Two of burglary in violation of R.C. 2911.12(A)(1), (D), a second-degree felony. Houke appeared for arraignment on December 22, 2022 and entered pleas of not guilty.

{¶3} On January 12, 2023, pursuant to a negotiated-plea agreement, Houke withdrew his not guilty plea and entered a guilty plea to Count Two. The trial court accepted Houke's guilty plea and found him guilty of Count Two. At the recommendation of the State, the trial court dismissed Count One.

{¶4} At a sentencing hearing held on February 16, 2023, the trial court sentenced Houke to an indefinite term of a minimum of four years to a maximum of six years in prison on Count Two. Later that day, the trial court filed its judgment entry of sentence.

{¶5} Houke filed a notice of appeal on March 14, 2023. He raises three assignments of error for our review.

**First Assignment of Error**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the separation-of-powers doctrine.**

**Second Assignment of Error**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the right to due process.**

**Third Assignment of Error**

**The Reagan Tokes Law, 132 GA Senate Bill 201 is unconstitutional because it violates the constitutional right to a jury trial.**

{¶6} In the three assignments of error, which we address together, Houke contends the indefinite sentence of incarceration imposed pursuant to the Reagan Tokes Law is unconstitutional as it violates the separation-of-powers doctrine and violates his constitutional rights to due process and to a trial by jury.

{¶7} As this Court has noted in *State v. Ball*, 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, challenges to the Reagan Tokes Law do not present a matter of first impression to this Court. *Ball* at ¶ 59. "Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes

Law do not facially violate the separation-of-powers doctrine or infringe on defendants' due process rights." *Id.* citing *e.g. State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21. Further, for the reasons stated in *Ball*, we also held that the remaining constitutional issue under Reagan Tokes related to a jury trial is unavailing. *Id.* at ¶ 61-63.

{¶8} Recently, in *State v. Hacker*, ___ Ohio St.3d ____, 2023-Ohio-2535, the Supreme Court of Ohio addressed the constitutional validity of the Reagan Tokes Law and held that it does not intrude upon the separation-of-powers doctrine, does not implicate the offender's right to a jury trial, and does not violate the offender's due-process rights. *Id.* at ¶ 25, 28, 40. Furthermore, in *State v. Beck*, 3d Dist. Allen No. 1-22-80, 2023-Ohio-3008, this court addressed the same arguments Houke raises in the instant appeal and, pursuant to the Supreme Court of Ohio's decision in *Hacker*, found the arguments unavailing. *Beck* at ¶ 8. *See also State v. Lemaster*, 3d Dist. Union No. 14-23-10, 2023-Ohio-3427, ¶ 14.

{¶9} Thus, pursuant to the Supreme Court of Ohio's decision in *Hacker* and our decision in *Beck*, we find Houke's assignments of error not well-taken.

{¶10} Houke's assignments of error are overruled.

{¶11} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN and HESS, J.J., concur.**

**\*\* Judge Michael D. Hess of the Fourth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**

/hls