[Cite as *State v. Perry*, 2017-Ohio-69.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 16CA863 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| ROGER PERRY, JR., | : | |
| Defendant-Appellant. | : | RELEASED 01/06/2017 |

_____

APPEARANCES:

Darren L. Meade, Parks and Meade, LLC, Columbus, Ohio, for defendant-appellant.

Michael DeWine, Ohio Attorney General, Columbus, Ohio, and Katherine Mullin and Jocelyn K. Lowe, Assistant Attorneys General, Cleveland, Ohio, for plaintiff-appellee.

_____

Hoover, J.

{¶1}     Roger Perry, Jr. ("Perry"), appeals his sentence from the Pike County Common Pleas Court following his guilty pleas to one count of robbery, one count of abduction, one count of grand theft of a motor vehicle, one count of having a weapon while under disability, one count of possession of heroin, one count of resisting arrest, and two gun specifications. Perry contends that the trial court erred in imposing consecutive sentences for two reasons. First, Perry claims that the trial court failed to make all the statutorily required findings. However, the transcript of the sentencing hearing and the express terms of the sentencing entry show that the trial court considered the appropriate factors and made the requisite findings before imposing consecutive sentences. Perry also argues that the trial court failed "to conduct proper and complete judicial fact-finding or proportionality analysis" to support the imposition of consecutive

sentences. A trial court, however, is not required to state reasons to support its consecutive sentence findings; and because our review of the record reveals that the trial court made all of the required statutory findings, it did not err in imposing consecutive sentences.

{¶2}    Perry also contends that the trial court erred by imposing a prison sentence that was more than the minimum sentence required by statute. However, because Perry has failed to establish by clear and convincing evidence that the sentence is contrary to law, this assignment of error is meritless.

{¶3}    We affirm the judgment of the trial court.

## I. Facts and Procedural Posture

{¶4}    On April 1, 2015, J.L. arrived at the Beaver First Stop Convenience Store to open the business and start work for the day. Before she could lock the door behind her, Perry entered the store wearing a mask, dark clothing, and brandishing a silver firearm. He ordered J.L. to empty the safe. J.L. complied and gave Perry over $5,000 from the safe. Perry then ordered J.L. to hand over cigarettes. J.L. again complied and handed over ten packs of cigarettes. Perry then put J.L. into a cooler and told her to count to 30 before coming out. Perry then rifled through J.L.'s purse and promised not to hurt her car. When J.L. finally exited the cooler she called 911 and realized her car was stolen. Video surveillance recorded the event.

{¶5}    Perry was subsequently arrested at his home on April 3, 2015. At the time of his arrest, Perry was found in possession of heroin and a silver firearm similar to the one used in the robbery. The firearm was confiscated, test fired, and found to be operable.

At the time of the offense, Perry was already under indictment in Franklin County, Ohio, for felony drug possession.

{¶6}     On June 29, 2015, Perry was indicted on the following charges: aggravated robbery with firearm specifications (Count 1); robbery with firearm specifications (Count 2); aggravated robbery with firearm specifications (Count 3); robbery with firearm specifications (Count 4); kidnapping with firearm specifications (Count 5); kidnapping with firearm specifications (Count 6); abduction with firearm specifications (Count 7); abduction with firearm specifications (Count 8); grand theft of a motor vehicle with firearm specifications (Count 9); having weapons while under disability (Count 10); possession of heroin with a firearm specification (Count 11); having weapons while under disability (Count 12); resisting arrest with firearm specifications (Count 13); and burglary (Count 14).

{¶7}     Perry entered into a negotiated plea on July 20, 2015. As part of his plea, Perry admitted his guilt to Counts 2, 7, 9, 10, 11, and 13. Perry also pleaded guilty to a three-year gun specification under Count 2, and to a one-year gun specification under Count 13. The trial court subsequently found Perry guilty of each offense to which he entered his plea; and the remaining counts and specifications were dismissed pursuant to the agreement. The parties did not enter into an agreement with respect to sentencing.

{¶8}     At sentencing, the trial court heard from J.L., who is a parent and grandparent. J.L. testified about the fear she felt while Perry robbed her at gunpoint. She explained that she relives the event daily. The State asked for a 15-year prison sentence and restitution.

{¶9}    Perry asked for leniency and claimed that his actions were the result of his

drug addiction. E.S., Perry's mother, told the trial court that her son would not have

committed the offenses had he been sober. Perry also apologized to J.L.

{¶10}   The trial court sentenced Perry to an aggregate prison term of ten years

plus 36 months, of which four years is mandatory. The trial court also ordered restitution

in the amount of $5,167.09 and imposed a driver's license suspension. The trial court ran

Perry's sentences on Count 2, Count 13, and both firearm specifications consecutively to

each other, and consecutively to the sentence on the remaining counts.

{¶11}   On February 25, 2016, Perry filed a notice of appeal along with a motion

for leave to file a delayed appeal. We subsequently granted Perry's motion for leave to

file a delayed appeal.

## II. Assignments of Error

{¶12}   Perry assigns the following errors for our review:

Assignment of Error I:

> Contrary to Ohio sentencing law, the trial court imposed consecutive, non-
> minimum prison sentences without first making all of the required judicial
> fact-findings under R.C. 2929.14(C)(4).

Assignment of Error II:

> The Trial Court acted contrary to law in imposing a non-minimum prison
> sentence.

## III. Law and Analysis

{¶13}   Both of Perry's assignments of error challenge the imposed sentence.

When reviewing felony sentences, we apply the standard of review set forth in R.C.

2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231,

¶ 22. R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; [or]

(b) That the sentence is otherwise contrary to law.

{¶14}  Because Perry failed to object to the imposed sentence at the sentencing hearing, he has forfeited the sentencing issues absent plain error. Crim.R. 52(B). For a reviewing court to find plain error: (1) there must be an error, i.e., "a deviation from a legal rule"; (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings"; and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "[T]he burden of demonstrating plain error is on the party asserting it." *State v. Davis,* 116 Ohio St.3d 404, 2008–Ohio–2, 880 N.E.2d 31, ¶ 378. "We take notice of plain error with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Merryman,* 4th Dist. Athens No. 12CA28, 2013–Ohio–4810, ¶ 49.

### A. Imposition of Consecutive Sentences

{¶15}  In his first assignment of error, Perry contends that the trial court erred when it sentenced him to consecutive sentences because it did not make the necessary

findings under R.C. 2929.14(C)(4). Additionally, he argues that the trial court's "failure to conduct proper and complete judicial fact-finding or proportionality analysis is clearly and convincingly contrary to Ohio's sentencing statutes * * *."

{¶16}  R.C. 2929.14(C)(4) sets forth a tripartite procedure requiring the trial court to make the following findings prior to imposing consecutive sentences: (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *see also State v. Bever,* 4th Dist. Washington No. 13CA21, 2014–Ohio–600, ¶¶ 15-16; *State v. Black,* 4th Dist. Ross No. 12CA3327, 2013–Ohio–2105, ¶¶

56–57. The trial court "is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and [to] incorporate its findings into the sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus. Furthermore, the trial court is not required to recite "a word-for-word recitation of the language of the statute", but it must be clear from the record that the trial court "engaged in the correct analysis and * * * that the record contains evidence to support the findings * * *." *Id.* at ¶ 29.

{¶17}  In the case sub judice, the trial court expressly stated at the sentencing hearing that:

> [T]he Court does find that consecutive service in this matter is necessary
> to protect the public from future crime and to punish you, and that
> consecutive sentences are not disproportionate to the seriousness of your
> conduct and to the danger that you pose to the public * * * and the Court
> also finds that at least two (2) of these offenses were committed as part of
> one or more courses of conduct, and the harm caused by two (2) or more
> of these multiple offenses so committed was so great or unusual that no
> single prison term for any of the offenses committed as part of the courses
> of conduct adequately reflects the seriousness of your conduct, and also,
> that your prior criminal history demonstrates that consecutive sentences
> are necessary to protect the public from future crime * * * by yourself.

Furthermore, these findings were also incorporated into the trial court's sentencing entry. Thus, the record shows that the trial court considered all three factors set forth in R.C.

2929.14(C)(4) in imposing consecutive sentences; and Perry's argument that the trial court failed to recite or consider the required findings is without merit.

{¶18}  To the extent that Perry argues that the trial court failed to conduct proper and complete judicial fact-finding or proportionality analysis, we note that while the trial court must make the findings required by R.C. 2929.14(C)(4), the court has no obligation to state the reasons to support its findings. *Bonnell* at ¶ 27*; State v. Howze,* 10th Dist. Franklin Nos. 13AP-386 & 13AP-387, 2013-Ohio-4800, ¶ 18; *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 23. "Having made sufficient findings for the imposition of consecutive sentences, the trial court fulfilled the R.C. 2929.14(C)(4) requirements. Thus, the trial court's failure to identify the factors—or 'the reasons'—that were considered in its proportionality analysis does not render the consecutive sentences contrary to law." *State v. Crawley*, 8th Dist. Cuyahoga No. 102781, 2015-Ohio-5150, ¶ 13.

{¶19}  Because the trial court did not err in imposing consecutive sentences, we overrule Perry's first assignment of error.

### B. Imposition of Non-minimum Prison Sentence

{¶20}  In his second assignment of error, Perry contends that the trial court acted contrary to law in imposing a non-minimum prison sentence. Specifically, Perry argues that "[m]any factors demonstrated a minimum prison sentence would have satisfied the purposes and principles of the sentencing statutes", including Perry's age, his familial status, his criminal history, his employment history, his history of drug addiction, and his remorse towards the victim. He further claims that the trial court "failed to consider

several factors and was clearly unreasonable" in imposing a non-minimum prison sentence.

{¶21} "[A] sentence is generally not contrary to law if the trial court considered the R.C. 2929.11 purposes and principles of sentencing as well as the R.C. 2929.12 seriousness and recidivism factors, properly applied post[-]release control, and imposed a sentence within the statutory range." *State v. Brewer*, 2014-Ohio-1903, 11 N.E.3d 317, ¶ 38 (4th Dist.). "The sentence must also comply with any specific statutory requirements that apply, e.g. a mandatory term for a firearm specification, certain driver's license suspensions, etc." *Id.*

{¶22} Here, the trial court expressly stated in its sentencing entry that it considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. Although the trial court did not make specific findings concerning the various factors in these statutes, it had no obligation to do so. *State v. Robinson*, 4th Dist. Lawrence No. 13CA18, 2015-Ohio-2635, ¶ 38 ("[T]he trial court was not required to make findings or give reasons for imposing more than the minimum sentence."). Moreover, Perry does not contend that the trial court improperly applied post-release control, imposed a sentence outside the statutory range, or failed to comply with any other "statutory requirements". Accordingly, we conclude that Perry's non-minimum prison sentence is not clearly and convincingly contrary to law; nor does the sentence constitute plain error.

{¶23} Because the trial court did not err in imposing a non-minimum prison sentence, we overrule Perry's second assignment of error.

### IV. Conclusion

{¶24}  Having overruled both of Perry's assignments of error for the foregoing

reasons, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., and Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
       Marie Hoover, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**