[Cite as *State v. Coleman*, 2018-Ohio-1709.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA18 |
| v. | : | |
| | | DECISION AND |
| JEVONNA COLEMAN, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 04/25/2018 |

**APPEARANCES:**

Angela Miller, Jupiter, Florida, for Appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for Appellee.

Hoover, P.J.

{¶1} Defendant-appellant, Jevonna Coleman ("Coleman"), appeals from a judgment of conviction and sentence entered by the Highland County Court of Common Pleas. The trial court found Coleman, defendant below and appellant herein, guilty of four counts of Trafficking in Heroin and one count of Trafficking in Cocaine, all in the Vicinity of a School and all in violation of R.C. 2925.03(A)(1). The trial court also found Coleman guilty of the forfeiture specification.

{¶2} For the reasons that follow, we modify the judgment of the trial court by vacating the requirement that Coleman pay restitution to the Highland County Sheriff's Department through the Victim Restitution Escrow Account of the Highland County Victim Witness Office. Otherwise, the remainder of the judgment is affirmed as modified.

**I. Facts and Procedural History**

{¶3}    In December 2015, the State of Ohio indicted Coleman on twenty-five counts of drug related offenses. The underlying facts of the indictment are not relevant to the issues in this appeal; therefore, we will not address them.

{¶4}    In early 2016, Coleman entered into a plea agreement with the State of Ohio. This agreement is set forth in the document entitled "Plea of Guilty" as follows:

Defendant will plead guilty to counts 4, 6, 8, 16, and 18. State will dismiss remaining counts. State and defense jointly recommend 12 months on each count consecutive to each other for a total of 60 months. Defendant will pay restitution as follows: $510.00 join [sic] and several with Jeff Coleman; $350.00 joint and several with Jeff Coleman and Lawrence Wheaton; and $530.00 joint and several with Lawrence Wheaton. Defendant agrees to forfeiture as outlined in Count 33.

{¶5}    The transcript of the change of plea hearing reflects that the trial court recited the agreement as follows:

THE COURT: All right. Now on Page 2 it's typed in "The Defendant will plead guilty to Counts 4, 6, 8, 16, and 18. The State will dismiss the remaining counts. State and Defense jointly recommend twelve (12) months on each count consecutive to each other for a total of sixty (60) months.

'Defendant will pay restitution as follows:

$500.00[1] joint and several with Jeff Coleman.

$350.00 joint and several with Jeff Coleman and Lawrence Wheaton. And

---

[1] The transcript states $500.00 restitution in contrast with the journal entry that states $510.00. Because of our disposition of this appeal, the discrepancy between the two figures is irrelevant.

$530.00 joint and several with Lawrence Wheaton.

'And, Defendant agrees to the forfeiture outlined in Count 33.'

Now, is that your understanding of the entire agreement between you and the

State of Ohio?

DEFENDANT COLEMAN: Yes, Your Honor.

{¶6}    After the trial court explained Coleman's constitutional rights to her, Coleman entered pleas of "Guilty" to each of the five counts and the forfeiture specification count. Both the State and Coleman requested the Court to approve the plea agreement. The trial court then sentenced Coleman to twelve months on each of the five counts to be served consecutively for a total of sixty (60) months. The trial court also ordered the suspension of Coleman's driving privileges for a total period of thirty months. In addition, the trial court ordered the forfeiture of a vehicle.

{¶7}    The transcript demonstrates that the trial court ordered Coleman to pay restitution:

* * * jointly and severely [sic], $510.00, uh, with Jeffrey Coleman;

$350.00 jointly and severely [sic] with Jeffrey Coleman and Lawrence Wheaton;

and $530.00 jointly and severely [sic] with Lawrence Wheaton. And that is a

substantive part of the sentence. So, even after you complete your prison term,

Ms. Coleman, you're still required to pay that. And that could be enforced

through other legal means if you fail to do that.

Your payments will be made through the Victim Witness Escrow office account. And you'll be required to pay any service fees that are charged to provide that service.

{¶8}     The trial court added in its sentencing entry that the restitution would be paid to the Highland County Sheriff's Office:

Defendant is ordered to pay restitution as follows: $510.00 joint & several with Jeffrey Coleman; $350.00 joint & several with Jeffrey Coleman and Lawrence Wheaton; and $530.00 joint & several with Lawrence Wheaton all to the Highland County Sheriff's Office through the Victim Restitution Escrow Account of the Highland County Victim Witness Office, 112 Governor Foraker Place, Hillsboro, Ohio 45133, including a processing fee for each payment made.

{¶9}     Coleman did not file her appeal within thirty days of the filing of the sentencing entry. However, she filed a motion for leave to file a delayed appeal, which this court granted. Coleman then filed her notice of appeal; but, her counsel filed a brief and requested to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We granted Coleman's original appellate counsel leave to withdraw and appointed current appellate counsel to prosecute the appeal.

**II. Assignment of Error**

{¶10}   Coleman assigns the following error for our review:

The trial court committed plain error when it ordered Appellant Coleman to pay restitution to the Highland County Sheriff's Department. To do so violates R.C. 2929.18(A)(1) as well as Coleman's right to due process under the Ohio and United States Constitutions.

**III. Law and Analysis**

{¶11}   When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2).  *State v. Graham,* 4th Dist. Highland No. 13CA11, 2014–Ohio–3149, ¶ 31; *State v. Bever,* 4th Dist. Washington No. 13CA21, 2014–Ohio–600, ¶ 13. R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law."

{¶12}   In this case, Coleman agreed to her sentence and thus failed to object to any portion of the sentence. As a result of Coleman's failure to object, she has waived all but plain error. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). " 'A silent defendant has the burden to satisfy the plain-error rule[,] and a reviewing court may consult the whole record when considering the effect of any error on substantial rights.' " *State v. Frazier,* 4th Dist. Pickaway No. 10CA15, 2011 WL 856964, ¶ 14 (March 9, 2011), quoting *State v. Davis,* 4th Dist. Highland No. 06CA21, 2007–Ohio–3944, ¶ 22, in turn citing *United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

{¶13}   In order to find plain error: (1) there must be an error, i.e., "a deviation from a legal rule"; (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings"; and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Furthermore, the Supreme Court of Ohio has admonished courts that notice of plain error under Crim.R. 52(B) is to be taken " 'with the utmost caution, under exceptional circumstances and only to prevent a

manifest miscarriage of justice.' " *Id.,* quoting *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), at paragraph three of the syllabus.

{¶14}  Coleman argues that "the trial court committed plain error in ordering [her] to pay restitution to the Highland County Sheriff's Department. Courts are prohibited from ordering restitution to law enforcement agencies for the cost of investigations." The State concedes that R.C. 2929.18 "governs a trial court's ability to award restitution and does not allow a trial court to 'order' restitution to a law enforcement agency." However, the State contends that the statute does not restrict the parties from agreeing to an award of restitution that is not provided for in the statute.

{¶15}  Along with her due process argument, Coleman contends that the trial court erred by violating R.C. 2929.18 which provides:

> (A) Except as otherwise provided in this division and in addition to imposing
>
> court costs pursuant to section 2947.23 of the Revised Code, the court imposing a
>
> sentence upon an offender for a felony may sentence the offender to any financial
>
> sanction or combination of financial sanctions authorized under this section * * *.
>
> Financial sanctions that may be imposed pursuant to this section include, but are
>
> not limited to, the following:
>
> (1) Restitution by the offender to the victim of the offender's crime or any
>
> survivor of the victim, in an amount based on the victim's economic loss. If the
>
> court imposes restitution, the court shall order that the restitution be made to the
>
> victim in open court, to the adult probation department that serves the county on
>
> behalf of the victim, to the clerk of courts, or to another agency designated by the
>
> court. * * *

{¶16}   The trial court did not mention at either the change of plea hearing or the sentencing hearing that the restitution was reimbursement of monies used to purchase drugs. However, the State sets forth in its brief that the "restitution represented the money used to purchase illegal drugs from Appellant and her co-defendants." Coleman also states that the "money was specifically designated to replenish the drug buy money that was expended in Coleman's case."

{¶17}   This court explained in *State v. Samuels*, 4th Dist. Washington No. 03CA8, 2003-Ohio-6106, ¶ 5, citing Black's Law Dictionary (5th Ed.1979) 1405, that a "victim" is "generally defined as the person who was 'the object' of the crime-e.g. the victim of the robbery is the person who was robbed." A law enforcement agency is not a "victim" under R.C. 2929.18(A)(1) when it voluntarily spends its own funds to pursue a drug buy through an informant. *Id.* at ¶¶ 5, 10. Consequently, those expended funds cannot constitute a "victim's economic loss" under the statute. The trial court committed plain error when it ordered the defendant to pay restitution for such expenditures because the restitution was not authorized by statute. *Id.* at ¶ 9.

{¶18}   This court then applied the holding in *Samuels* to the current version of the statute in *State v. Montgomery,* 2008–Ohio–4753, 970 N.E.2d 999, ¶ 11 (4th Dist.):

> * * * [W]e have previously held that a law-enforcement agency is not a "victim" of a crime when it "voluntarily spent its own funds to pursue a drug buy through an informant." *State v. Samuels*, Washington App. No. 03CA8, 2003-Ohio-6106, 2003 WL 22704409, at ¶ 5 (construing analogous-predecessor statute). Thus, the trial court ordered restitution to a third party, not the victim of the crime, an order not permitted by the statute.

This court held in *Montgomery* that the trial court committed plain error when it ordered defendant to pay restitution to the sheriff's department for funds used by the department to buy drugs from him. Therefore, this court reversed and vacated the restitution order. *Id.* at ¶ 12.

{¶19} This same issue was presented to this court in *State v. Frazier*, *supra*. In *Frazier,* the State conceded that the trial court committed plain error. We concluded that, when a restitution amount represents compensation for funds that a law enforcement department expended to buy drugs from the defendant through an informant, R.C. 2929.18(A)(1) does not permit a restitution order under such circumstances. *Id.* at ¶ 19.

{¶20} The State reminds us that this court's precedent would allow for restitution to be made to a law enforcement agency under the following circumstances: an *explicit* agreement by the parties concerning the type and amount of restitution would have to be *explicitly* addressed in the negotiated plea agreement for us to affirm an order granting restitution to a law enforcement agency. *See Samuels*, *supra* at ¶ 10.

{¶21} When reviewing the transcript, we find that no explicit agreement was made between the parties that Coleman would pay restitution to the Highland County Sheriff's Department. Furthermore, the document entitled "Plea of Guilty" makes no mention of Coleman paying restitution to the Highland County Sheriff's Department. The transcript further reflects that no mention was made of paying restitution to the Highland County Sheriff's Department at the sentencing hearing.

{¶22} Again, like in *Samuels*, we reluctantly must find that the negotiated plea agreement did not adequately or clearly provide for the type of restitution ordered in this case. We fully understand that Coleman received exactly what she bargained for and even induced the result here. However, the current statute still does not provide that restitution can be paid to a

Sheriff's Department for the money it advances for an undercover drug purchase; and the negotiated plea agreement, in our view, did not explicitly state that the restitution would be paid to the Highland County Sheriff's Department.

{¶23} Consequently, until the legislature makes a change to the current statute, we must sustain Coleman's sole assignment of error.

## IV. Conclusion

{¶24} Having sustained Coleman's assignment of error, we modify the judgment of the trial court by vacating the requirement that Coleman pay restitution to the Highland County Sheriff's Department through the Victim Restitution Escrow Account of the Highland County Victim Witness Office. The remainder of the judgment is then affirmed as modified.

JUDGMENT AFFIRMED AS MODIFIED.

## **JUDGMENT ENTRY**

It is ordered that the trial court's JUDGMENT SHALL BE MODIFIED TO VACATE the requirement that Appellant pay restitution to the Highland County Sheriff's Department through the Victim Restitution Escrow Account of the Highland County Victim Witness Office.

It is further ordered that the remainder of the JUDGMENT IS AFFIRMED AS MODIFIED.

Appellant and Appellee shall equally divide the court costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and McFarland, J.: Concur in Judgment and Opinion.

For the Court

By: _____
Marie Hoover, Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**