[Cite as *State v. Hardesty*, 2025-Ohio-5744.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 24CA6 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| Eric D. Hardesty, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Karyn Justice, The Law Office Karyn Justice, LLC, Portsmouth, Ohio, for
appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Alisa Turner, Ross
County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

_____

Smith, P.J.

{¶1} Appellant, Eric Hardesty, appeals the judgment of the Ross County

Court of Common Pleas convicting him of one count of aggravated burglary, a

first-degree felony in violation of R.C. 2911.11, and three counts of felonious

assault, all second-degree felonies in violation of R.C. 2903.11. On appeal,

appellant contends 1) that his convictions are against the manifest weight of the

evidence; 2) that the trial court erroneously overruled his motion for acquittal; and

3) that his sentence is contrary to law. However, because we find no merit to any

of the assignments of error raised by appellant, the judgment of the trial court is affirmed.

FACTS

{¶2} On August 4, 2023, appellant was indicted on one count of aggravated burglary, a second-degree felony in violation of R.C. 2911.11, and three counts of felonious assault, all first-degree felonies in violation of R.C. 2903.11. The charges stemmed from an event that occurred on June 17, 2023, in which it was alleged that appellant forcibly entered a residence and proceeded to assault three different individuals before he was wrestled to the floor and held until law enforcement arrived. The indictment also contained a firearm specification which was later dismissed after it was determined that the gun used by appellant as a bludgeon was actually inoperable. The indictment further contained a repeat violent offender specification.

{¶3} The record indicates that the victims of the felonious assault charges were Debra Brummett, Michael Bateman, and K.B., Ms. Brummett's minor grandson. Michael Bateman's minor daughter, L.B., was also present in the residence on the night at issue. Ms. Brummett was house sitting and dog sitting for her son, who was out of town on vacation, and she had her grandson, K.B., and his friend, L.B., at the house with her when the incident occurred. Ms. Brummett's

husband, Richard Brummett, was house sitting and dog sitting at the couple's

daughter's house next door at the time.

{¶4} Appellant pleaded not guilty to the charges and the matter proceeded to

a jury trial on January 23, 2024.  The State presented six witnesses including, Ms.

Brummett, L.B., Michael Bateman, Richard Brummett, Officer John Elrich, and

Leah Friend (L.B.'s mother).  L.B. testified that Ms. Brummett asked her to go

next door and get Richard Brummett that night because she was having health

issues.  She explained that as she was opening the door, appellant was standing

outside the screen door and proceeded to open the screen door, pushed her into the

main door, and entered the house.  She testified that she saw appellant confront

K.B. and hit him on the head with a gun before he proceeded into Ms. Brummett's

room where he pointed a gun at her.  L.B. testified that she ran out the door and

went next door to get her father, Michael Bateman.

{¶5} Ms. Brummett testified that she did not know appellant and that he did

not have permission to enter the house.  She testified that he entered her room and

hit her on the head, causing her to briefly lose consciousness.  She testified that the

blow left a "big knot" on her head which caused her to have to go the hospital and

obtain a CT scan.  Michael Batemen also testified regarding his encounter with

appellant upon entering the house to assist.  Bateman and Mr. Brummett were

eventually able to subdue appellant until law enforcement arrived and arrested him.

Statements were taken from the victims and photos were taken to document the scene and as well as the injuries.

{¶6} The jury ultimately found appellant guilty of all offenses as charged in the indictment after the trial court denied appellant's Crim.R. 29 motion for acquittal as to the aggravated burglary charge. Although it denied appellant's motion for acquittal as to the aggravated burglary charge, it did dismiss the firearm specification after the State did not contest BCI's determination that the gun at issue was inoperable. At a separate sentencing hearing, the State presented the trial court with a bill of $1073 which it stated was for restitution to Ms. Brummett. The trial court awarded restitution as requested by the State and proceeded to sentence appellant to an aggregate sentence of 16 to 31.5 years in prison. It is from the trial court's February 5, 2024, judgment entry that appellant now brings his timely appeal, setting forth three assignments of error for our review.

ASSIGNMENTS OF ERROR

I.  APPELLANT'S CONVICTIONS ARE NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

II.  THE COURT ERRONEOUSLY OVERRULED APPELLANT'S MOTION FOR ACQUITTAL.

III.  APPELLANT'S SENTENCE IS CONTRARY TO LAW.

ASSIGNMENT OF ERROR II

{¶7} For ease of analysis, we address appellant's second assignment of error first, out of order.  In his second assignment of error, appellant contends that the trial court erred in overruling his motion for acquittal.  More specifically, appellant argues that the trial court erred in denying his Crim.R. 29 motion for acquittal which was raised as to the aggravated burglary charge only, and which contested the trespass element of the offense.  The State argues that it sufficiently proved that appellant had no permission to be in the house when it demonstrated that he forced his way into house with a gun in the middle of the night and assaulted four people in the process.

Standard of Review

{¶8} A Crim.R. 29(A) motion may be sustained " 'if the evidence is insufficient to sustain a conviction of such offense[.]' "  *State v. Johnson*, 2016-Ohio-867, ¶ 9 (4th Dist.), quoting Crim.R. 29(A).  "By its terms, the rule employs the same standard of review as used in a sufficiency of the evidence argument." *Id.*, citing *State v. Miley*, 114 Ohio App.3d 738, 742 (4th Dist. 1996); *State v. Fox*, 2015-Ohio-3892, ¶ 29 (4th Dist.).  "In reviewing the trial court's decision on a Crim.R. 29(A) motion, we conduct a de novo review and will not reverse unless clearly contrary to law."  *Johnson* at ¶ 10, citing *State v. Umphries*, 2003-Ohio-599, ¶ 6 (4th Dist.) and *State v. Allen*, 2002 WL 853461 (4th Dist. Feb. 27, 2002).

When considering a sufficiency of the evidence argument, we afford no deference to the trial court under this standard and instead conduct our own independent review of the evidence.

{¶9} A claim of insufficient evidence invokes a due process concern and raises a question of whether the evidence is legally sufficient to support the verdict as a matter of law. *See State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *Id.* "Therefore, our review is de novo." *State v. Groce*, 2020-Ohio-6671, ¶ 7, citing *In re J.V.*, 2012-Ohio-4961, ¶ 3.

{¶10} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. *Thompkins* at syllabus. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins* at 390 (Cook, J., concurring).

{¶11} Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution.  *See State v. Hill*, 75 Ohio St.3d 195, 205 (1996); *State v. Grant*, 67 Ohio St.3d 465, 477 (1993).  A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did.  *State v. Tibbetts*, 92 Ohio St.3d 146, 162 (2001); *State v. Treesh*, 90 Ohio St.3d 460, 484 (2001).

Legal Analysis

{¶12} Appellant was convicted of one count of aggravated burglary in violation of  R.C. 2911.11, which provides, in pertinent part, as follows:

> (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
>
> * * *
>
> (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

A person trespasses when he or she, without privilege to do so, knowingly enters or remains on the land or premises of another.  R.C. 2911.21(A)(1).  "Privilege" means "an immunity, license, or right conferred by law, bestowed by express or

implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(A)(12).

{¶13} Appellant limited his argument below to a claim that the State had failed to demonstrate that he entered the residence at issue without permission. Appellant argued that the homeowner was not home at the time and that "[t]here has been no one saying that he wasn't allowed there." He further argued that as to the initial entry, "there's been no testimony that that was a trespass." In response, the State pointed out that Debra Brummett, who was house sitting at the time, was the only adult present that night and she had testified that appellant had no permission to enter the residence. The trial court agreed with the State's argument and denied the motion, further noting that the manner of entry, which included entering in the middle of the night and pointing a firearm at the occupant was sufficient to demonstrate a trespass.

{¶14} The record before us indicates that Ms. Brummett was both house sitting and dog sitting for her son, who was on vacation on the night in question. She also had her grandson and one of his neighbor friends with her in the house at that time. Thus, she was the only adult present in the house and was there at the request of the homeowners.

{¶15} The record indicates that appellant entered the house by force by pushing one child into a door and proceeding to assault another child before

entering the bedroom where Ms. Brummett was sleeping. Ms. Brummett testified

as follows during trial:

Mr. Marks:          Had you ever seen this individual before?

Ms. Brummett:    No.

Mr. Marks:          Had you given this individual permission –

Ms. Brummett:    No.

Mr. Marks:          -- to be in the residence?

Ms. Brummett:    No.

Mr. Marks:          And you indicated that he pulled out a – what
                         you believe to be a firearm?

Ms. Brummett:    Yes.

Mr. Marks:          And did he point it at you?

Ms. Brummett:    Yes.

* * *

Mr. Marks:          And what did he say?

Ms. Brummett:    "Give me what you got bitch" and pulled the
                         trigger, and it didn't go off.

{¶16} In light of the above testimony, after viewing the probative evidence

and inferences reasonably drawn therefrom in the light most favorable to the

prosecution, any rational trier of fact could have found that the element of trespass

was proven beyond a reasonable doubt. Here, the State clearly demonstrated that

appellant knowingly entered the residence without permission to do so and therefore trespassed in the residence on the night question. Accordingly, we find no merit to the argument raised under this assignment of error and it is overruled.

## ASSIGNMENT OF ERROR I

{¶17} In his first assignment of error, appellant contends that his convictions for aggravated burglary under count one of the indictment and felonious assault under count four of the indictment are against the manifest weight of the evidence. With respect to aggravated burglary, he once again challenges the trespass element of the offense and limits his argument to that particular element. With respect to count four, felonious assault, in which K.B. was the victim, he argues that there was no evidence introduced indicating K.B. was injured in any manner. The State responds by arguing that appellant's convictions were not against the manifest weight of the evidence.

### Standard of Review

{¶18} When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence and all reasonable inferences, and consider the witness credibility. *See State v. Dean*, 2015-Ohio-4347, ¶ 151; citing *Thompkins*, *supra,* at 387. A reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *See State v. Issa*, 93 Ohio St.3d 49, 67 (2001);

*State v. Murphy*, 2008-Ohio-1744, ¶ 31 (4th Dist.).  " ' "Because the trier of fact

sees and hears the witnesses and is particularly competent to decide 'whether, and

to what extent, to credit the testimony of particular witnesses,' we must afford

substantial deference to its determinations of credibility." ' "  *Barberton v. Jenney*,

2010-Ohio-2420, ¶ 20, quoting *State v. Konya*, 2006-Ohio-6312, ¶ 6 (2d Dist.), in

turn quoting *State v. Lawson*, 1997 WL 476684 (2d Dist. Aug. 22, 1997), in turn

quoting State v. Thompkins, 78 Ohio St.3d 380, 390 (1997).

> {¶19} As the Court explained in *Eastley v. Volkman*:

> " '[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment must be made in favor of the judgment and the finding of facts. * * *
> If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.' "

*Eastley v. Volkman*, 2012-Ohio-2179, ¶ 21, quoting *Seasons Coal Co., Inc. v.*

*Cleveland*, 10 Ohio St.3d 77, 80 (1984), in turn quoting 5 Ohio Jurisprudence 3d,

Appellate Review, Section 60, 191-192 (1978).

Thus, an appellate court will leave the issues of weight and credibility of the

evidence to the fact-finder as long as a rational basis exists in the record for its

decision.  *See State v. Picklesimer*, 2012-Ohio-1282, ¶ 24 (4th Dist.); *see also State*

*v. Howard*, 2007-Ohio-6331, ¶ 6 (4th Dist.) ("We will not intercede as long as the

trier of fact has some factual and rational basis for its determination of credibility and weight.").

{¶20} Once the reviewing court finishes its examination, the court may reverse the judgment of conviction only if it appears that the fact-finder, when resolving the conflicts in evidence, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).  *See also Thompkins, supra*, at 387.  If the prosecution presented substantial credible evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence.  *See State v. Eley*, 56 Ohio St.2d 169 (1978), syllabus, superseded by state constitutional amendment on other grounds in *State v. Smith*, 80 Ohio St.3d 89 (1997); *see also Eastley, supra,* at ¶ 12 and *Thompkins*, *supra*, at 387 (explaining that a judgment is not against the manifest weight of the evidence when "the greater amount of credible evidence" supports it).

{¶21} Thus, " '[w]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony.' " *State v. Cooper*, 2007-Ohio-1186, ¶ 17 (4th Dist.), quoting *State v. Mason*, 2003-Ohio-5785, ¶ 17 (9th Dist.).  Instead, a reviewing

court should find a conviction against the manifest weight of the evidence only in the " ' "exceptional case in which the evidence weighs heavily against the conviction." ' " *State v. Lindsey*, 87 Ohio St.3d 479, 483 (2000), quoting *Thompkins* at 387, in turn quoting *Martin* at 175.

Legal Analysis

{¶22} As set forth above, appellant was convicted of one count of aggravated burglary in violation of R.C. 2911.11(A)(2), which provides as follows:

> (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
>
> * * *
>
> (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

{¶23} We have already set forth the definition of trespass and privilege as part of our determination that appellant's conviction for aggravated burglary was supported by sufficient evidence. As with appellant's second assignment of error, he appears to limit his argument to the trespass element of this offense, arguing that the jury's determination that he trespassed into the residence at issue was against the manifest weight of the evidence because "[n]o evidence was presented that [he] did not have privilege to be at the premises that evening." He further

argues that L.B., the minor child who met him at the door on the night in question, provided inconsistent trial testimony and was initially unable to identify him during trial.

{¶24} However, for the same reasons that we determined his conviction for aggravated burglary was supported by sufficient evidence, we likewise determine that his conviction was not against the manifest weight of the evidence. Contrary to appellant's argument, there was evidence presented by the State indicating appellant had no privilege to enter the residence. Ms. Brummett, who was staying at the residence at the request of the owners who were out of town, clearly testified that she did not know appellant and he had not been given permission to enter. Appellant presented no evidence to controvert her testimony.

{¶25} Furthermore, L.B., a neighbor child who was spending the night at the residence with Ms. Brummett's grandson, testified that as she was trying to exit the door to get Mr. Brummett to help Ms. Brummett she opened the main door and was starting to open the screen door when appellant opened the screen door the rest of the way, shoved her into the main door, walked in, started punching and kicking K.B. and hit him with a gun, and then pushed Ms. Brummett to the floor. K.B. clarified that although she had gone out the door, she could see inside and that she saw appellant hit K.B. on the head with the gun and then saw appellant point the gun at Ms. Brummett's head. Additionally, although the trial transcript evidences

some possible confusion over who K.B. pointed to when asked to identify appellant in the courtroom, it is clear that she identified appellant as the intruder during both direct examination and cross-examination.

{¶26} Although our review of the transcript does not reveal any major inconsistencies in L.B.'s testimony, even if there had been some inconsistencies we cannot conclude that the jury lost its way or created a manifest miscarriage of justice in resolving any alleged inconsistencies in favor of the State.  Instead, we find there was a factual and rational basis for the jury's determination of the credibility and weight it apparently afforded the testimony of not only L.B., but also the other witnesses who all identified appellant as the person who was present in the residence and held there until law enforcement arrived.  Thus, despite appellant's arguments to the contrary, we cannot conclude that appellant's conviction for aggravated burglary was against the manifest weight of the evidence.

{¶27} Appellant was also convicted of three counts of felonious assault in violation of R.C. 2903.11 which provides, in pertinent part, as follows:

(A) No person shall knowingly do either of the following:

* * *

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

Physical harm "means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). *See also State v. Harsha*, 2025-Ohio-4611, ¶ 17 (4th Dist.).

{¶28} The felonious assault charges involved three different victims: Ms. Brummett, Michael Bateman, and minor child, K.B. Appellant appears to challenge only his felonious assault conviction for count four, arguing there was no evidence that K.B. suffered physical harm. Appellant points to the fact that K.B. was not transported to the hospital and had no visible injuries on the night in question.

{¶29} L.B.'s testimony indicates that appellant struck K.B. on the head with a gun right after entering the residence. Officer John Elrich also testified at trial. He testified that when he saw K.B., he was distraught, crying and whimpering, and stated that appellant had hit him on the forehead with a gun. Officer Elrich testified that although he did not see any visible injuries, he took a photo of K.B.'s forehead for documentation purposes. The photo was labeled as State's Exhibit 4 and was admitted as a trial exhibit. Despite the fact that Officer Elrich did not see any visible injuries at the time, the photo admitted at trial depicts a bruise on K.B.'s forehead.

{¶30} Furthermore, the definition of physical harm includes any injury, regardless of severity or duration and the felonious assault statute does not actually

require physical harm be inflicted, but instead only requires that an offender attempt to inflict physical harm.  Appellant stipulated that the gun in his possession was used as a deadly weapon, despite the fact that it was inoperable, because it was used as a bludgeon.  This stipulation coupled with the trial testimony indicating appellant struck K.B., a child, in the forehead with a deadly weapon demonstrates that appellant's conviction for felonious assault under count three was not against the manifest weight of the evidence.

{¶31} Having found no merit to appellant's arguments that his convictions for aggravated burglary and felonious assault were against the manifest weight of the evidence, appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR III

{¶32} In his third assignment of error, appellant contends that the sentences imposed by the trial court are contrary to law.  He argues that 1) because the consecutive sentences exceed the maximum penalty for the worst offense involved, R.C. 2953.08(A)(1)(a) and (C) provide for an appeal as of right; and 2) because the sentences were not commensurate with the seriousness of the conduct constituting the offenses, they are contrary to law under R.C. 2953.08(A)(4).[1]  He references

---

[1]R.C. 2953.08 provides, in pertinent part, as follows:
(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
(1) The sentence consisted of or included the maximum definite prison term allowed for the offense by division (A) of section 2929.14 or section 2929.142 of the Revised Code or, with respect to a non-life felony indefinite prison term, the longest minimum prison term allowed for the offense by division (A)(1)(a) or (2)(a) of section 2929.14 of

R.C. 2929.11(A) and (B), arguing that the principles of felony sentencing include using the minimum sanctions necessary to protect the public from future crime, punish the offender, and promote effective rehabilitation, and that the sentences imposed must be commensurate with the seriousness of the offenses. It is his position that the record does not support the court's finding that the sentences were commensurate with the seriousness of the offenses and were the minimum necessary to achieve the purposes of felony sentencing. He also challenges the trial court's imposition of restitution.

### Standard of Review

{¶33} When reviewing felony sentences, appellate courts apply the standard of review outlined in R.C. 2953.08(G)(2). *State v. Prater*, 2019-Ohio-2745, ¶ 12 (4th Dist.), citing *State v. Graham*, 2018-Ohio-1277, ¶ 13 (4th Dist.). Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, R.C. 2953.08(G)(2) specifies that

---

the Revised Code, the maximum definite prison term or longest minimum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:

(a) The sentence was imposed for only one offense.

* * *

(C)(1) In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (C)(3) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum definite prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted or, with respect to a non-life felony indefinite prison term, exceed the longest minimum prison term allowed by division (A)(1)(a) or (2)(a) of that section for the most serious such offense. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true.

an appellate court may increase, reduce, modify, or vacate and remand a

challenged felony sentence if the court clearly and convincingly finds either:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶34} "[C]lear and convincing evidence is that measure or degree of proof

which is more than a mere 'preponderance of the evidence,' but not to the extent of

such certainty as is required 'beyond a reasonable doubt' in criminal cases, and

which will produce in the mind of the trier of facts a firm belief or conviction as to

the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954),

paragraph three of the syllabus.  Thus, an appellate court may vacate or modify any

sentence that is not clearly and convincingly contrary to law if the appellate court

concludes, by clear and convincing evidence, that the record does not support the

sentence.

{¶35} R.C. 2929.11 provides:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing.  The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.  To achieve those purposes, the sentencing court shall consider the need for

incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶36} Moreover, R.C. 2929.12 sets forth several factors for the court to consider in exercising discretion in sentencing:

(A) ... the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States, and the factors set forth in division (G) of this section relating to Alford pleas and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶37} The Supreme Court of Ohio has summarized the applicability of R.C. 2929.11 and 2929.12 as follows:

In Ohio, two statutory sections serve as a general guide for every sentencing. First, R.C. 2929.11(A) provides that the overriding purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." To achieve these purposes, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent

with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).  * * *

Second, R.C. 2929.12 specifically provides that in exercising its discretion, a trial court must consider certain factors that make the offense more or less serious and that indicate whether the offender is more or less likely to commit future offenses.  * * *

[A]n offender's conduct is considered less serious when there are "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." R.C. 2929.12(C)(4). R.C. 2929.12(C) and (E) also permit a trial court to consider "any other relevant factors" to determine that an offense is less serious or that an offender is less likely to recidivate.

*State v. Day*, 2019-Ohio-4816, ¶ 15 (4th Dist.), quoting *State v. Long*, 2014-Ohio-849, ¶ 17-18.

{¶38} Furthermore, this Court has held that a sentence is generally not contrary to law if a trial court considered the R.C. 2929.11 purposes and principles of sentencing, as well as the R.C. 2929.12 seriousness and recidivism factors, properly applied post-release control, and imposed a sentence within the statutory range.  *Prater* at ¶ 20; *Graham* at ¶ 16; *State v. Perry*, 2017-Ohio-69, ¶ 21 (4th Dist.); *State v. Bowling*, 2020-Ohio-813, ¶ 7 (4th Dist.); *State v. Bell*, 2024-Ohio-1502, ¶ 31 (4th Dist.).  Finally, neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record.  *State v. Jones*, 2020-Ohio-6729, ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31.  However, a sentence is contrary to law if the trial court fails to consider the R.C. 2929.11

purposes and principles of felony sentencing and the R.C. 2929.12 sentencing factors. *State v. Neal*, 2015-Ohio-5452, ¶ 55 (4th Dist.).

Legal Analysis

{¶39} Appellant was convicted of one count of aggravated burglary and three counts of felonious assault, all having different victims and one of the victims being a child. The offenses were committed with the use of deadly weapon which appellant used as a bludgeon. Further, appellant had prior convictions for aggravated burglary, breaking and entering, grand theft, safecracking, and the current charges included a repeat violent offender specification. On count 1, aggravated burglary, appellant was sentenced to a minimum prison term of 11 years and a maximum prison term of 16.5 years, along with an additional 1-year prison term for the repeat violent offender specification, to be served consecutively. Count 4 was merged into count 1 for purposes of sentencing. Appellant was also sentenced to 7 years each on counts 2 and 3, also to be served consecutively to the sentences imposed on count 1. Thus, appellant was sentenced to an aggregate term of 26 to 31.5 years in prison.

{¶40} A trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. *State v. Chapman*, 2022-Ohio-2853, ¶ 76 (4th Dist.), citing *State v. Wolfe*, 2020-Ohio-

5501, ¶ 61-62 (J. Gwin, concurring), citing *State v. Kalish*, 2008-Ohio-4912, ¶ 1,

11; *see also State v.Neal,* 2015-Ohio-5452, ¶ 61 (4th Dist.), citing *State v. Johnson*,

2014-Ohio-2308, ¶ 8 (2d Dist.), in turn citing *State v. King*, 2013-Ohio-2021, ¶ 45

(2d Dist.). Thus, courts have "refused to find that a sentence is contrary to law

when the sentence is in the permissible range and the court's journal entry states

that it 'considered all required factors of the law' and 'finds that prison is

consistent with the purposes of R.C. 2929.11.' " *Neal*, *supra*, citing *State v.*

*Williams*, 2014-Ohio-1618, ¶ 17 (8th Dist.), in turn quoting *State v. May*, 2013-

Ohio-2697, ¶ 16 (8th Dist.).

{¶41} After our review, we believe that the trial court complied with all

pertinent sentencing requirements, reviewed and considered the relevant

sentencing principles and factors, the testimony that was presented at trial, and

although it was not made part of the record, the court reviewed a victim impact

statement provided by K.B. who was a minor and that did not testify at trial.

Furthermore, the trial court arrived at a sentence that falls within the statutory

range for each offense. Moreover, though not specifically challenged, the record

further reveals that the trial court made the necessary findings, both at the

sentencing hearing and in the sentencing entry, to support the imposition of

consecutive sentences. Consequently, we conclude that the record supports the

trial court's sentence and therefore the sentence is not contrary to law.

{¶42} Our inquiry, however, does not end here. Appellant also challenges the trial court's imposition of restitution in the amount of $1073 to Ms. Brummett based upon the State's presentation of a bill in that amount which it stated was "for restitution." Appellant concedes that R.C. 2929.18(A)(1) allows a court to order restitution based upon the victim's economic loss, but he argues the State presented no testimony or evidence related to economic loss or damages.

{¶43} Generally, we review a restitution order to determine whether it is clearly and convincingly contrary to law. *State v. Patton*, 2019-Ohio-2769, ¶ 23 (4th Dist.). *See generally* R.C. 2953.08(G)(2). However, we conclude that plain error review applies because appellant did not object to the restitution order despite being offered an opportunity to respond and provide a statement in mitigation of punishment. *See State v. Coleman*, 2018-Ohio-1709, ¶ 12-14 (4th Dist.) (applying plain error review to a challenge to a restitution order).

{¶44} Generally, appellate courts recognize plain error " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *State v. Landrum*, 53 Ohio St.3d 107, 111 (1990), quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. For plain error to apply, a trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right. *E.g., State v. Rogers*, 2015-Ohio-2459, ¶ 22, citing

*State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). However, even when a defendant

demonstrates that a plain error or defect affected the defendant's substantial rights,

the Ohio Supreme Court has " 'admonish[ed] courts to notice plain error "with the

utmost caution, under exceptional circumstances and only to prevent a manifest

miscarriage of justice." ' " *Rogers* at ¶ 23, quoting *Barnes,* at 27, in turn quoting

*Long* at paragraph three of the syllabus.

{¶45} R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as

part of a felony sentence. In *State v. Lalain*, the Supreme Court of Ohio stated:

> A trial court has discretion to order restitution in an appropriate
> case and may base the amount it orders on a recommendation of
> the victim, the offender, a presentence investigation report,
> estimates or receipts indicating the cost of repairing or replacing
> property, and other information, but the amount ordered cannot
> be greater than the amount of economic loss suffered as a direct
> and proximate result of the commission of the offense.

*State v. Lalain*, 2013-Ohio-3093, paragraph one of the syllabus.

" ' "[T]he amount of the restitution must be supported by competent, credible

evidence in the record from which the court can discern the amount of the

restitution to a reasonable degree of certainty." ' " *State v. Noble*, 2017-Ohio-

1440, ¶ 48 (4th Dist.), quoting *State v. Alexander*, 2012-Ohio-2041,¶ 12 (4th Dist.),

in turn quoting *State v. Johnson*, 2004-Ohio-2236, ¶ 10 (4th Dist.). " 'The

evidence to support a restitution order can take the form of either documentary

evidence or testimony.' " *Noble* at ¶ 52, quoting *State v. Jones*, 2014-Ohio-3740, ¶ 23 (10th Dist.).

{¶46} Here, Ms. Brummett testified during trial that appellant hit her on the head with a gun and knocked her down. She testified that she may have lost consciousness for a second. She explained that the action left a "big knot" on the back of her head and that she "went out and got a CAT scan done." At the later sentencing hearing, the prosecutor presented the trial court with a document which it described as a bill for restitution in the amount of $1073 to Ms. Brummett. Again, the defense did not dispute this amount. Furthermore, although appellant complains that Ms. Brummett did not testify as to any damages that she suffered, appellant did not request a hearing on restitution. "A trial court is required to conduct a hearing on restitution only if the offender, victim, or survivor disputes the amount of restitution ordered." *State v. Lalain, supra*, at paragraph two of the syllabus. *See also* R.C. 2929.18(A)(1).

{¶47} Based upon the record before us, we cannot conclude the trial court committed plain error in awarding restitution, especially in light of the fact that appellant has failed to acknowledge that he did not object to the award of restitution below and has failed to present a plain error argument on appeal. As such, we find no merit to appellant's challenge to the restitution order.

{¶48} Having found no merit to appellant's arguments that the sentences imposed by the trial court, including the restitution order, are contrary to law, appellant's third assignment of error is overruled. Furthermore, because we have found no merit in any of the assignments of error raised by appellant, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of appellate Procedure.

Hess, J. and Wilkin, J., concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**